**In the Interest of: T.S.G., Appellant,**

v.

**JUVENILE OFFICER, Respondent.**

**No. WD 71641.**

Missouri Court of Appeals,
Western District.

Sept. 28, 2010.

already in progress.

Patricia A. Harrison, St. Louis, MO, for appellant.

Michael R. Fogal, Kansas City, MO, for respondent.

Before Division Three: VICTOR C. HOWARD, Presiding Judge, THOMAS H. NEWTON, Judge and GARY D. WITT, Judge.

GARY D. WITT, Judge.

T.S.G. appeals the juvenile court's judgment that she committed acts constituting a status offense under Section 211.031.1(2)(d)[1] of behavior injurious to her welfare. We reverse.

## Factual Background

T.S.G., seventeen years old at the time of trial, was accused by her two half-brothers of sexual misconduct, because she allegedly let them touch her breasts and those of her cousin. The two brothers, E.G.Jr. and E.G., were ten and nine years old at the time of trial in 2009. The alleged misconduct took place from October 2005 through December 2008. At the time the accusations were made, E.G.Jr. was eight years old and E.G. was six. The mother of the boys, A.M.C., informed Children's Division of the allegations, and the boys were interviewed by a forensic interviewer, Kristin Gilgour ("Gilgour").

Based on these allegations, on April 2, 2009, the Juvenile Officer filed a Delinquency Petition alleging that T.S.G. committed acts, if committed by an adult, would have resulted in two counts of sexual misconduct. The juvenile court asserted jurisdiction over T.S.G. pursuant to Section 211.031.1(3), which vests original jurisdiction in the juvenile court over "any child who is alleged to have violated a state law." A trial was held in September 2009, at which both E.G.Jr. and E.G. testified, along with their mother, father, and Gilgour.

At the close of evidence, the judge took under advisement an oral motion for judgment of acquittal. When the hearing reconvened, the trial court issued its ruling. The court dismissed Count 2 of the Delinquency Petition, finding that the Juvenile Officer had failed to meet the burden of proof as to that charge. The court also found that the Juvenile Officer had failed to prove, beyond a reasonable doubt, each element of Count 1; specifically, the intent element that touching was done for sexual gratification was not proven.

The Court then, without a motion or request from either party, "amended the Petition to conform to the evidence" and found T.S.G. had committed a status offense. The court found that T.S.G. acted beyond her welfare and the welfare of E.G.Jr. by involving herself and E.G.Jr. in some sort of inappropriate contact. This basis of jurisdiction of the juvenile court is found at Section 211.031.1(2)(d), and it gives the court jurisdiction over a child who either resides or is found in the county and who is in need of treatment because "[t]he behavior or associations of the child are otherwise injurious to his or her welfare or to the welfare of others."

The dispositional hearing was held on October 6, 2009, and T.S.G. was placed on probation in the care and custody of her

---

1. All statutory citations are to RSMo 2000, as updated through the 2009 Cumulative Supplement, unless otherwise indicated.

mother. T.S.G. was ordered to complete the Healthy Choice Program and fifteen hours of community service. Five months later, on March 9, 2010, the juvenile court found that T.S.G. was no longer in need of the services of the court, and therefore, all prior orders were terminated, and T.S.G. was released and discharged from the jurisdiction of the Court.

 As a threshold matter, we must consider whether the issue has been rendered moot prior to appellate review. *Lucas v. Lucas,* 307 S.W.3d 712, 714 (Mo. App. E.D.2010). " 'With regard to justiciability, a case is moot if a judgment rendered has no practical effect upon an existent controversy.' " *State ex rel. Chastain v. City of Kansas City,* 968 S.W.2d 232, 237 (Mo.App. W.D.1998) (quoting *Gilroy–Sims & Assocs. v. City of St. Louis,* 697 S.W.2d 567, 569 (Mo.App. E.D.1985)). " 'The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction.' " *Hall v. Mo. Bd. of Prob. & Parole,* 10 S.W.3d 540, 545 n. 3 (Mo.App. W.D.1999) (quoting *Armstrong v. Elmore,* 990 S.W.2d 62, 64 (Mo.App.1999)). "Because mootness implicates the justiciability of a case, the court may dismiss a case for mootness *sua sponte.*" *Chastain,* 968 S.W.2d at 237. "We do not decide questions of law disconnected from the granting of actual relief." *Id.*

 There are three narrow exceptions to this general rule that allow this Court to exercise its discretion to accept a moot case, where: (1) the action becomes moot after the case has been argued and submitted; (2) the issue is one of general public interest and importance and is capable of recurring and likely to evade appellate review, *Reiz v. Bd. of Zoning Adjustment,* 316 S.W.3d 331, 334–35 (Mo.App. W.D. 2010) (citing *State ex rel. Claudia Lee & Assocs., Inc. v. Bd. of Zoning Adjustment,*

297 S.W.3d 107, 111 n. 6 (Mo.App. W.D. 2009) (citations omitted)); or (3) the decision being appealed could have significant collateral consequences for one or more of the parties. *Glover v. Michaud,* 222 S.W.3d 347, 351 (Mo.App. S.D.2007).

Both parties request that we proceed with a determination in this case under the second exception above. T.S.G. further requests that we proceed also under the third exception above, in that because the original charge was sexual in nature and with the rapidly changing statutes in Missouri dealing with this area of the law regarding sex offender registration and the movement to make more juvenile records public, she may face significant collateral consequences in the future if we do not address the issues of the case. The Juvenile Officer concedes that there may be significant collateral consequences to T.S.G. in the future based on this adjudication, even though she is no longer under the jurisdiction of the juvenile court. Therefore, we proceed to address the issues raised by the parties.

T.S.G. raises two points on appeal. First, T.S.G. argues the juvenile court violated her rights under the Fourteenth Amendment to due process of law and to a fair trial when the Petition alleged a delinquency offense and, yet, the court amended the petition to a status offense after the close of evidence, thereby depriving her of notice of the charges against her. In her second point, T.S.G. argues there was insufficient evidence to sustain a charge of "behavior injurious to her welfare or the welfare of her brother."

### Standard of Review

"An appellate court reviews juvenile proceedings 'like any other court-tried case, *i.e.,* the judgment will not be disturbed unless it is against the weight of the evidence or it erroneously declares or erroneously applies the law.' " *In the Interest of*

*N.R.C. v. Juvenile Officer,* 276 S.W.3d 883, 886 (Mo.App. W.D.2009) (quoting *N.J.K. v. Juvenile Officer,* 139 S.W.3d 250, 259 (Mo. App. W.D.2004)). The facts are viewed in the light most favorable to the trial court's decision. *See In the Interest of A.A.T.N.,* 181 S.W.3d 161, 166 (Mo.App. E.D.2005). The appellate court defers to the trial court's determinations of the credibility of witnesses. *Id.*

### Analysis

▮ T.S.G. argues the trial court erroneously declared and/or misapplied the law when it found T.S.G. committed a status offense under Section 211.031.1(2)(d) because the original Petition failed to allege the status offense and, therefore, failed to provide notice of the charges against her, which violated T.S.G.'s Fourteenth Amendment right to due process of law and a fair trial.

▮ It has long been settled that due process and fair treatment are required in juvenile court adjudications of delinquency by the Fourteenth Amendment's Due Process Clause. *See In re Gault,* 387 U.S. 1, 30–31, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). The essentials of due process and fair treatment are required to pass constitutional scrutiny. *Id.* at 30, 87 S.Ct. 1428. "Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must 'set forth the alleged misconduct with particularity.'" *Id.* at 33, 87 S.Ct. 1428.

In the present case, after the close of the evidence, the court found that the Juvenile Officer failed to prove her case as to each element beyond a reasonable doubt. The juvenile court then proceeded to dismiss one allegation and amend the remaining allegation in the Petition, replacing the delinquency offense with that of a status offense. The status offense which the court found to have been committed by T.S.G. is found in Section 211.031.1(2)(d), and it gives the court jurisdiction over a child who either resides or is found in the county and who is in need of treatment because "[t]he behavior or associations of the child are otherwise injurious to his or her welfare or to the welfare of others." No prior notice of this status offense was given to T.S.G. before the close of evidence. This runs afoul of the Fourteenth Amendment's guarantee of due process and a fair trial. *See State v. Billingsley,* 465 S.W.2d 569 (Mo.1971).

▮ Generally, the notice requirement of the Due Process Clause is satisfied when one is charged with a greater offense but convicted of an uncharged lesser-included offense. "If the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater." *State v. Amsden,* 299 S.W.2d 498, 504 (Mo.1957) (quoting AM. JUR. *Indictments and Informations* § 194). "Put simply, 'a "lesser offense is not included in a greater unless it is impossible to commit the greater offense without first committing the lesser."'" *State v. Tremaine,* 315 S.W.3d 769, 777 (Mo.App. W.D.2010) (quoting *State v. Kirkland,* 684 S.W.2d 402, 406 (Mo.App. W.D.1984)). Neither party argues that the status offense in this case was a lesser included offense of the delinquency offense for which T.S.G. was originally charged.

The Juvenile Officer argues forcefully that status offenses are fundamentally different than delinquency cases, a point which weighs in favor of the juvenile in this case, not in the favor of the Juvenile Officer. While there are differences with respect to the consequences of being found to have committed a status offense and the

protections provided to juveniles adjudicated to have committed status offenses,[2] the Juvenile Officer provides no authority for the proposition that these differences justify the court's utter lack of notice to T.S.G. that her charge was being amended after the close of all of the evidence. The fact that the allegation for which the juvenile did not receive prior notice is a status offense rather than a delinquency offense is inconsequential. In addition, T.S.G. was never offered an opportunity to present evidence in response to the "amended charge." The Missouri Supreme Court Rules make no distinction between delinquency and status offenses with respect to the notice required. *See* Mo. Sup.Ct. R. 128.02. This court has addressed prior attempts to circumvent the rights of juveniles for their supposed greater good. These cases revolve around the theme of charging the juvenile with one offense, an inability to convict, and then subsequently convicting her of another in order to get her into rehabilitation. These previous attempts have similarly been rejected. *See e.g., J.D.B. v. Juvenile Officer,* 2 S.W.3d 150 (Mo.App. W.D.1999).

In one such case, this court held "that convicting a juvenile of a separate and distinct offense for which he was not specifically charged is a violation of the principles expounded in *In re Gault.*" *Id.* at 156. This deprives the juvenile of the opportunity to prepare her defense and allows the court to " 'adjudicate a juvenile to be delinquent for *any offense the evidence might reveal.* This would deny him of the notice of the grounds upon which the adjudication of delinquency is being pursued.' " *Id.* at 155 (quoting *In the Interest of R.R.P.,* 545 S.W.2d 351, 357–58 (Mo.App.1976)). We find no reason to change course now.

Once the juvenile court determined that the Juvenile Officer had not proven all the elements of the delinquency offense charged, Missouri Supreme Court Rules require that the court deny the Petition and release the juvenile from its jurisdiction if there is no other basis to retain jurisdiction. See Mo. Sup.Ct. R. 128.02(c).[3] Amending the Petition after the close of evidence to charge a separate offense, no matter how benign the motive, denies the juvenile of the notice and opportunity to be heard guaranteed to her by the Fourteenth Amendment's Due Process Clause.

### Conclusion

The judgment of the juvenile court is reversed, and the Juvenile is ordered discharged from the effects of that disposition; any records of this adjudication shall be removed from T.S.G.'s files.

All concur.

---

2. Examples include but are not limited to the following: Section 211.063 provides restrictions on detainment of status offenders in secure detention; Section 219.021.1 precludes placement of a juvenile who has committed only a single status offense with the Division of Youth Services; Section 211.071 precludes conduct adjudicated as status offenses that would be felonies if committed by an adult for consideration as a prior adjudicated felony, in cases where a juvenile is certified as an adult.

3. The Missouri Supreme Court Rules were amended as of January 1, 2010. At the time of trial this rule was in effect as Rule 119.02.-a(7)(A) and stated: "[w]hen the evidence has been received upon the allegations of the petition, the court shall determine whether the allegations of the petition have been established in accordance with the appropriate standard of proof. If these allegations have not been so established, the court shall enter a judgment dismissing the petition." Mo. Sup.Ct. R. 119.02 (2009).