

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FIVE

IN THE INTEREST OF:  T.P.B.      )      No. ED100463

      )

    Minor,              )      Appeal from the Circuit Court of the

      )      City of St. Louis

      )

      )      Honorable David C. Mason

      )

      )

      )      Filed:  September 9, 2014

## I. INTRODUCTION

Minor T.P.B. appeals the judgment of the Juvenile Division of the Circuit Court of the City of St. Louis finding her guilty of Assault in the Second Degree, section 565.060.1(3), R.S.Mo. (Cum. Supp. 2007). On appeal, T.P.B. argues that the juvenile court erred by finding her guilty of "[r]ecklessly caus[ing] serious physical injury to another person," section 565.060.1(3), when the petition charged her with "knowingly caus[ing] physical injury to another person by means of a . . . dangerous instrument," section 565.060.1(2), R.S.Mo. (Cum. Supp. 2007).[1] In addition, T.P.B. argues that there was insufficient evidence that she actually

---

[1] The juvenile court tried T.P.B. together with three co-defendants involved in the same underlying incident. The court found all defendants guilty of Assault in the Second Degree, section 565.060.1(3). One other co-defendant has appealed to this Court, raising the same error alleged by T.P.B.: that the juvenile court erred by finding her guilty under section 565.060.1(3), when she was charged under section 565.060.1(2). Accordingly, our opinion in the co-defendant's companion case, *In re J.L.T.*, No. ED100556, __S.W.3d__ (Mo. App. E.D. 2014), is substantially the same as our opinion here.

participated in the charged assault. We reverse the juvenile court's judgment and order that T.P.B. be discharged.

## II. FACTS

Viewed in a light most favorable to the judgment, *In re A.G.R.*, 359 S.W.3d 103, 108 (Mo. App. W.D. 2011), the following facts were adduced at trial. On the afternoon of February 2, 2013, victim A.C. and a friend took a bus across town to a house of a girl they knew from middle school. When they knocked on the door, T.P.B. and three other girls answered. One of the girls told A.C. to "[g]et off [her] porch," whereafter A.C. left the porch and began walking away from the house. T.P.B. and the three girls then followed A.C. down the sidewalk and "jumped" her. As a result of several kicks and punches which she weathered during the attack, A.C. suffered bruising, small cuts to her lip, and a concussion.

## III. STANDARD OF REVIEW

"Juvenile proceedings are reviewed under the same standard as any other court-tried case." *In re T.B.*, 351 S.W.3d 243, 244 (Mo. App. E.D. 2011). We affirm the juvenile court's judgment "unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *In re A.G.R.*, 359 S.W.3d at 108.

## IV. DISCUSSION

In her first point, T.P.B. argues that the juvenile court erred by finding her guilty of an offense with which she was never charged. Specifically, T.P.B. asserts that the juvenile court found her guilty of "[r]ecklessly caus[ing] serious physical injury to another person," section 565.060.1(3), when the petition charged her with "knowingly caus[ing] physical injury to another person by means of a . . . dangerous instrument," section 565.060.1(2). T.P.B. claims that this error deprived her of fair notice—the fundamental ability to prepare and present a

2

defense appropriate to the crime of which she was found guilty—in violation of the due process clause of the Fourteenth Amendment of the United States Constitution and article I, section 10 of the Missouri Constitution. In reply, respondent Juvenile Officer contends that T.P.B.'s allegation of error is not preserved, because she failed to object when the juvenile court stated it found her guilty of violating section 565.060.1(3), rather than 565.060.1(2). Additionally, the Juvenile Officer argues that the elements of section 565.060.1(2) and 565.060(3) are "substantially the same and as such [T.P.B.] was not denied notice of the charge or prejudiced in her defense."

We agree with the Juvenile Officer that T.P.B.'s allegation of error is not preserved, because the transcript reveals that she did not object when she first learned that the court found her guilty of violating section 565.060.1(3).[2] In Missouri, "[c]onstitutional violations are waived if not raised at the earliest possible opportunity." *Garris v. State*, 389 S.W.3d 648, 651 (Mo. banc 2012) (alteration in original) (quoting *State ex rel. York v. Daugherty*, 969 S.W.2d 223, 224 (Mo. banc 1998)). However, "plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20.

Here, we exercise our discretion to review T.P.B.'s first point for plain error. *See T.S.G. v. Juvenile Officer*, 322 S.W.3d 145, 149 (Mo. App. W.D. 2010) ("It has long been settled that due process and fair treatment are required in juvenile court adjudications . . . ."). The first step in the plain error review process is to determine whether the juvenile court committed a plain error that is "evident, obvious and clear." *State v. Wrice*, 389 S.W.3d 738, 742 (Mo. App. E.D. 2013). If so, the second step is to determine "whether the error resulted in manifest injustice or a miscarriage of justice." *Id.* Accordingly, we now examine the relevant law on notice and due process.

---

[2] T.P.B. did make a belated objection at trial, but did not state the constitutional basis for her objection.

"Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must set forth the alleged misconduct with particularity." *In re Gault*, 387 U.S. 1, 33 (1967). "[C]onvicting a juvenile of a separate and distinct offense for which [s]he was not specifically charged is a violation of [due process]." *J.D.B. v. Juvenile Officer*, 2 S.W.3d 150, 156 (Mo. App. W.D. 1999); *see also State v. Miller*, 372 S.W.3d 455, 467 (Mo. banc 2012) ("It is axiomatic that a conviction upon a charge not made or upon a charge not tried constitutes a denial of due process." (quoting *Jackson v. Virginia*, 443 U.S. 307, 314 (1979))).

Nevertheless, "the notice requirement of the Due Process Clause is satisfied when one is charged with a greater offense but convicted of an uncharged lesser-included offense." *T.S.G.*, 322 S.W.3d at 149; *State v. Hagan*, 79 S.W.3d 447, 454 (Mo. App. S.D. 2002) ("A person cannot be convicted of a crime with which he was not charged unless it is a lesser included offense of a charged offense." (quoting *State v. Roy*, 986 S.W.2d 923, 924 (Mo. App. E.D. 1999))). In such cases, the defendant is deemed to have notice because the charged offense contains all of the legal and factual elements of the offense of which she is found guilty. *T.S.G.*, 322 S.W.3d at 149; section 556.046.1, R.S.Mo. (Cum. Supp. 2007); *State v. Hibler*, 5 S.W.3d 147, 150 (Mo. banc 1999).

Here, the Juvenile Officer charged T.P.B., a child with no prior juvenile court adjudications, with committing Assault in the Second Degree, section 565.060.1(2). The petition alleged that she acted in concert with others to "knowingly cause[] physical injury to A.C. by means of a dangerous instrument, by hitting and kicking the victim repeatedly about the head, neck and upper body."[3] After hearing both parties' evidence, the juvenile court found T.P.B.

---

[3] While the petition makes reference only to section 565.060 and does not state the subsection under which T.P.B. was charged, the language of the petition explicitly tracks the language of section 565.060.1(2). *See* section

4

"guilty beyond a reasonable doubt of committing the offense of Assault in the Second Degree." During the disposition, however, the court clarified that it found her guilty under section 565.060.1(3), rather than section 565.060.1(2): "As I say, I made a finding—and I want to be clear. My finding was that [T.P.B.] had violated subparagraph 3 [of section 565.060.1], which was that [her] behavior was reckless in terms of the statute—in terms of the assault statute, the subparagraph 3 of the statute."[4]

The error in the juvenile court's finding is evident, obvious, and clear: T.P.B. was charged under section 565.060.1(2), but found guilty under section 565.060.1(3), which is not a lesser included offense of the charged offense. An uncharged offense is a "nested" lesser included offense if it is impossible to commit the charged offense without necessarily committing the uncharged offense.[5] *State v. Jackson*, 433 S.W.3d 390, 404 (Mo. banc 2014). To commit the uncharged offense at issue here, T.P.B. must have caused a "serious physical injury." Section 565.060.1(3) (providing a defendant must "[r]ecklessly cause serious physical injury to another person."). But to commit the charged offense, T.P.B. need only have caused an ordinary "physical injury." Section 565.060.1(2) (providing a defendant must "knowingly cause physical injury to another person by means of a . . . dangerous instrument."). Because it is plainly possible to cause an ordinary "physical injury," section 565.060.1(2), without causing a "serious physical

---

565.060.1(2) (providing that a person commits assault in the second degree by "knowingly caus[ing] physical injury to another person by means of a . . . dangerous instrument").

[4] The juvenile court's statement regarded all four co-defendants in this case.

[5] For the sake of clarity, we note that there are actually three types of lesser included offenses:

> A person may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when:
> (1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or
> (2) It is specifically denominated by statute as a lesser degree of the offense charged; or
> (3) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein.

Section 565.046.1. We deal here with the type specified in subsection 1, i.e., a "nested" lesser included offense, which will satisfy the due process requirement that a defendant have notice of all the elements of the crime of which she is convicted. *Cf. T.S.G.*, 322 S.W.3d at 149.

injury," section 565.060.1(3), it is possible for T.P.B. to have committed the charged offense, section 565.060.1(2), without committing the uncharged offense, section 565.060.1(3).[6] *Compare* section 556.061(20), R.S.Mo. (Cum. Supp. 2009) (defining an ordinary "physical injury" as "physical pain, illness, or any impairment of physical condition"), *with* section 565.002(6), R.S.Mo. (2000), *and* section 556.061(28), R.S.Mo. (Cum. Supp. 2009) (defining a "serious physical injury" as an "injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body"). Thus, section 565.060.1(3) is not a lesser included offense of section 565.060.1(2), *see Jackson*, 433 S.W.3d at 404, and the juvenile court violated T.P.B.'s right to due process by "[c]onvicting [her] of a separate and distinct offense [with] which [s]he was not specifically charged." *J.D.B.*, 2 S.W.3d at 156.

The juvenile court's error in convicting T.P.B. under section 565.060.1(3), when she was charged under section 565.060.1(2), is a manifest injustice. She "incur[ed] the loss of liberty for an offense without notice and a meaningful opportunity to defend." *Miller*, 372 S.W.3d at 467 (quoting *Jackson*, 443 U.S. at 314). As we have explained, section 565.060.1(3) contains the element of causing "serious physical injury," while section 565.060.1(2) does not. T.P.B.'s lack of notice of this element unfairly denied her the opportunity to raise the defense that her actions did not cause a "serious physical injury" by "creat[ing] a substantial risk of death or . . . caus[ing] a serious disfigurement or protracted loss or impairment of the function of any part of the body." section 565.002(6). Because the "Juvenile Officer has the burden of proving each and

---

[6] The other elements of section 565.060.1(3) are included in section 565.060.1(2). The mens rea of "recklessly" is included in the mens rea of "knowingly." *See* section 565.021.4, R.S.Mo. (2000) ("When recklessness suffices to establish a culpable mental state, it is also established if a person acts purposely or knowingly."). Likewise, an offense that does not require use of a dangerous instrument may be a lesser included offense of one that does. *See* section 556.046.1(1) (a defendant may be convicted of a lesser included offense if "[i]t is established by proof of . . . less than all the facts required to establish the commission of the offense charged").

every element of . . . [the] offense beyond a reasonable doubt, *In re J.A.H.*, 293 S.W.3d 116, 120 (Mo. App. E.D. 2009), due process requires that T.P.B. be afforded the opportunity to defend against each and every element, *see Miller*, 372 S.W.3d at 467. It was a miscarriage of justice to deprive T.P.B. of that right.[7]

## V. CONCLUSION

Due process of law—including the ability to prepare and present a defense appropriate to the crime of which one stands to be convicted—"is the primary and indispensable foundation of individual freedom." *In re Gault*, 387 U.S. at 20. "It is [a] basic and essential term in the social compact which defines the rights of the individual and delimits the powers which the state may exercise." *Id.* Here, the juvenile court plainly erred by finding T.P.B. guilty of an uncharged offense that is not a lesser included offense of the charged offense. *See J.D.B.*, 2 S.W.3d at 156. Because this error violated her fundamental right to due process, *id.*, T.P.B. suffered a manifest injustice. For the foregoing reasons, we reverse the juvenile court's judgment and order that T.P.B. be discharged.

_____
Lisa S. Van Amburg, Presiding Judge

Glenn A. Norton, J., and
Gloria C. Reno, Sp. J., concur.

---

[7] Because T.P.B.'s first point on appeal is dispositive, we need not reach her second point regarding the sufficiency of the evidence of guilt.