

# In the Missouri Court of Appeals
# Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| IN THE INTEREST OF: | ) | No. ED100514 |
| J.T., | ) | |
| | ) | Appeal from the Circuit Court |
| Minor. | ) | of the City of St. Louis |
| | ) | 1322-JU00125 |
| | ) | |
| | ) | Honorable David C. Mason |
| | ) | |
| | ) | Filed:  October 28, 2014 |

Minor J.T. appeals the judgment of the Circuit Court of the City of St. Louis, entered after an adjudication hearing,[1] finding her guilty of second-degree assault.  We reverse the judgment and order J.T. discharged.

## I. BACKGROUND

On February 2, 2013, multiple girls, including J.T., attacked the victim, A.C.  J.T. was charged by second amended petition ("petition") with committing the offense of second-degree assault, pursuant to section 565.060.1(2) RSMo Supp. 2007,[2] by knowingly causing physical injury to A.C. by means of a dangerous instrument, by hitting and kicking her repeatedly about

---

[1] The adjudication hearing was conducted by a Commissioner before the Family Court, Juvenile Division, of the Circuit Court of the City of St. Louis.  The Circuit Court subsequently entered a judgment adopting and confirming the Commissioner's findings and recommendations.  All further references to the Commissioner's findings and recommendations and the Circuit Court's subsequent judgment will be to the "trial court."

[2] All further statutory references to section 565.060 are to RSMo Supp. 2007.

the head, neck and upper body.[3]  An adjudication hearing was held on June 21, 2013 and July 19, 2013.

After the close of the evidence, the trial court found J.T. guilty of second-degree assault, specifically finding J.T. guilty under section 565.060.1(3), by recklessly causing serious physical injury to A.C.  The trial court sentenced J.T. to supervised probation and forty hours of community service.  J.T. appeals.

## II.     DISCUSSION

### A.     Standard of Review

Juvenile proceedings are court-tried proceedings, and our review is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).  *In re J.A.H.*, 293 S.W.3d 116, 119 (Mo. App. E.D. 2009).  Specifically, we will affirm a trial court's judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law.  *Id*.

J.T. presents two points on appeal.  In her first point, J.T. asserts there was insufficient evidence she committed the second-degree assault.  In her second point, J.T. argues the charge was improperly amended after the close of the evidence, in violation of her right to notice under the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.[4]  Because J.T.'s second point is dispositive, we need not address her argument concerning the sufficiency of the evidence.

---

[3] The petition refers only to section 565.060.  It does not specifically state under which subsection J.T. was charged. However, the language of the petition explicitly tracks the language of section 565.060.1(2).  *See* below.

[4] J.T. also asserts that the amendment violated her due process rights under Article I, Section 10 of the Missouri Constitution.  Because the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and Article I, Section 10 of the Missouri Constitution provide the same protections, our analysis is the same.  *See Colyer v. State Board of Registration for Healing Arts*, 257 S.W.3d 139, 144 (Mo. App. W.D. 2008).

As an initial matter, in addressing J.T.'s second point, she did not object to the trial court's findings when they were rendered at the conclusion of the adjudication hearing, and therefore, J.T. failed to raise her constitutional due process challenge at the first opportunity. *See State v. Hyde*, 682 S.W.2d 103, 105 (Mo. App. E.D. 1984) (holding that a party must raise a constitutional issue at the first available opportunity to preserve a challenge). If a party does not raise a constitutional challenge at the first opportunity, she waives her constitutional claim and ordinarily cannot raise it on appeal. *State v. Fassero*, 256 S.W.3d 109, 117 (Mo. banc 2008).

However, even where an appellant fails to preserve a constitutional challenge through an objection, we may still hear such claims pursuant to Rule 30.20.[5] Rule 30.20 grants our Court authority to consider "plain errors" by a trial court affecting a litigant's substantial rights. *State v. Rogers*, 51 S.W.3d 879, 880 (Mo. App. W.D. 2001). We review claims of plain error under a two-pronged analysis and determine: (1) whether there was an error that is evident, obvious, and clear; and (2) whether a manifest injustice or miscarriage of justice occurred as a result of that error. *State v. Jones*, 427 S.W.3d 191, 195 (Mo. banc 2014).

**B.      J.T. was Convicted of an Uncharged Offense.**

Juvenile adjudication hearings must be conducted pursuant to the requirements of the Fourteenth Amendment's Due Process Clause. *T.S.G. v. Juvenile Officer*, 322 S.W.3d 145, 149 (Mo. App. W.D. 2010). "Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must set forth the alleged misconduct with particularity." *In re Gault*, 387 U.S. 1, 33 (1967) (quotation omitted). Convicting a juvenile of a separate and distinct offense for which she was not specifically charged violates the juvenile's due process rights. *J.D.B. v. Juvenile Officer*, 2 S.W.3d 150, 156 (Mo. App. W.D. 1999).

_____

[5] All references to Rules are to Missouri Supreme Court Rules (2014).

The notice requirement is satisfied, however, where one is charged with a greater offense but convicted of an uncharged lesser-included offense. *T.S.G.*, 322 S.W.3d at 149. In such cases, the defendant is deemed to have notice of the uncharged offense, because the original charged offense contains all of the legal and factual elements of the uncharged offense. *Id.*; section 556.046.1(1) RSMo Supp. 2002.

In this case, J.T. was charged with section 565.060.1(2), which provides that a defendant commits second-degree assault where she "[a]ttempts to cause or knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument[.]" J.T. was instead found guilty of section 565.060.1(3), which provides that a defendant commits second-degree assault where she "[r]ecklessly causes serious physical injury to another person[.]"

In order to prove J.T. committed the charged offense, the Juvenile Officer would only have to prove J.T. caused "physical injury," which is defined as "physical pain, illness, or any impairment of physical condition[.]" Section 556.061(20) RSMo Supp. 2009.[6] Alternatively, in order to prove J.T. was guilty under subsection 3, the Juvenile Officer would carry the burden to prove J.T. caused "serious physical injury," which is defined as an "injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body." Section 556.061(28). "Serious physical injury" thus requires either greater severity of injury or a longer duration of its effects.

As acknowledged by both parties' post-submission memoranda, another division of our Court recently addressed identical circumstances in J.T.'s companion cases. As in this case, in *In re J.L.T.*, 2014 WL 4411679 (Mo. App. E.D.) and *In re T.P.B.,* 2014 WL 4411669 (Mo. App. E.D.), the juveniles were charged with second-degree assault under section 565.060.1(2), but were found guilty under section 565.060.1(3), by the trial court after the close of the evidence.

_____

[6] All further statutory references to section 556.061 are to RSMo Supp. 2009.

*J.L.T.*, 2014 WL 4411679 at \*2.[7]  In finding the trial court committed a plain error, our learned colleagues observed it is possible to cause a mere "physical injury" without causing a "serious physical injury."  *Id.* at \*3.  The Court concluded second-degree assault under section 565.060.1(3) is not a lesser-included offense of second-degree assault under section 565.060.1(2), because it contains the additional element that the victim's injuries must be "serious."  *Id.*  The Court further held that in making the change without notice, the trial court violated the juvenile's due process rights by "convicting her of a separate and distinct offense with which she was not specifically charged."  *Id.* (quotations omitted).

The Juvenile Officer's post-submission memorandum in this case concedes that plain error occurred pursuant to the reasoning in *J.L.T.* and *T.P.B.*  We agree, and we find the previous discussion of the companion cases instructive.  Therefore, we find the trial court committed an evident, obvious, and clear error in convicting J.T. of a crime with which she was not charged.  We also find that the evident, obvious, and clear error resulted in a manifest injustice because J.T. did not have notice of all of the elements of the crime during the adjudication and therefore "incured the loss of liberty for an offense without notice and a meaningful opportunity to defend."  *Id*. (quoting *State v. Miller*, 372 S.W.3d 455, 467 (Mo. banc 2012)).

The trial court plainly erred by finding J.T. guilty of an uncharged offense, section 565.060.1(3), which is not a lesser-included offense of the charged offense, section 565.060.1(2).  Because this error violated J.T.'s rights under the Fourteenth Amendment's Due Process Clause, J.T. suffered a manifest injustice.  Point two is granted.

---

[7] Because the relevant facts and holding of *T.P.B.* are identical to those in *J.L.T.*, we will only provide detailed citations to *J.L.T.*

5

### III. CONCLUSION

For the foregoing reasons, we reverse the trial court's judgment and order that J.T. be discharged.

_____
ROBERT M. CLAYTON III, Judge

Patricia L. Cohen, P.J., and
Roy L. Richter, J., concur.

6