# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-4328

_____

United States of America,

*Plaintiff - Appellee,*

v.

Cortrell A. Ramey,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 18, 2017
Filed: January 22, 2018

_____

Before COLLOTON, BENTON, and KELLY, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Cortrell Ramey pleaded guilty to unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court[1] increased Ramey's base offense level under USSG § 2K2.1(a)(4)(A)

_____

[1] The Honorable Rodney W. Sippel, Chief United States District Judge for the Eastern District of Missouri.

based on a prior conviction. The court concluded that Ramey's 2009 conviction for second-degree assault under Mo. Rev. Stat. § 565.060.1(5) was a prior felony conviction for a "crime of violence" under the guidelines. Ramey appeals, arguing that the district court committed procedural error in making this determination. We affirm.

The sentencing guidelines provide for a base offense level of 20 if the defendant unlawfully possessed a firearm "subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." USSG § 2K2.1(a)(4)(A). The guidelines define "crime of violence" to include an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a)(1).

The Missouri second-degree assault statute under which Ramey was convicted includes six subsections. Mo. Rev. Stat. § 565.060.1 (2009). The parties appear to agree that each subsection defines a separate offense, and they agree that Ramey was convicted of second-degree assault under § 565.060.1(5). That subsection forbids "[r]ecklessly caus[ing] physical injury to another person by means of discharge of a firearm." *Id.* We accept the assumption that the six subsections set forth separate offenses rather than means of committing a single offense. The Missouri Court of Appeals held in *In re J.L.T.*, 441 S.W.3d 183 (Mo. Ct. App. 2014), that subsections (2) and (3) define "separate and distinct offense[s]." *Id*. at 188 (quoting *J.D.B. v. Juvenile Officer*, 2 S.W.3d 150, 156 (Mo. Ct. App. 1999)). The Missouri approved jury instructions likewise direct the trial court to insert only one subsection from the statute when defining the elements of assault. MAI-CR 3d 319.12. The notes on use specify that different subsections should not be included in the same jury instruction. *Id*., Notes on Use 4.

Ramey argues that his conviction under § 565.060.1(5) is not for a crime of violence because the Missouri statute criminalizes reckless conduct, rather than

intentional or purposeful acts, so he did not "use" physical force within the meaning of the guideline. In *Voisine v. United States*, 136 S. Ct. 2272 (2016), however, the Supreme Court rejected Ramey's proffered distinction between intentional and reckless conduct. Applying 18 U.S.C. § 921(a)(33)(A)(ii) and the term "misdemeanor crime of domestic violence," the Court held that a "person who assaults another recklessly 'use[s]' force, no less than one who carries out that same action knowingly or intentionally." *Voisine*, 136 S. Ct. at 2280. Following *Voisine*, this court considered a similar issue under the Armed Career Criminal Act, which defines "violent felony" to include an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Applying *Voisine*'s reasoning, we held that reckless conduct "constitutes a 'use' of force under the ACCA because the force clauses in 18 U.S.C. § 921(a)(33)(A)(ii) and the ACCA both define qualifying predicate offenses as those involving the 'use . . . of physical force' against another." *United States v. Fogg*, 836 F.3d 951, 956 (8th Cir. 2016) (alteration in original).

Like the term "violent felony" under the ACCA, the definition of "crime of violence" under the guidelines includes an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a)(1). We see no reason why "use" of force under the guidelines would mean something different from "use" of force under the ACCA. Consistent with *Voisine* and *Fogg*, we conclude that reckless conduct causing injury to another by use of a firearm constitutes a use of force under the guidelines. Section 565.060.1(5) requires proof that the defendant's reckless discharge of a firearm caused physical injury to another person, so Ramey understandably does not dispute that the statute meets the guideline's requirement that the defendant's offense have as an element the use of physical force "against the person of another."

Ramey points to *United States v. Dawn*, 685 F.3d 790 (8th Cir. 2012), and *United States v. Boose*, 739 F.3d 1185 (8th Cir. 2014), where this court followed

circuit precedent in *United States v. Ossana*, 638 F.3d 895 (8th Cir. 2011), and held that reckless driving causing serious injury is not a crime of violence under the guidelines. *Ossana* relied on the Supreme Court's application of the former *residual clause* of 18 U.S.C. § 924(e)(2)(B)(ii) in *Begay v. United States*, 533 U.S. 137 (2008), to limit the scope of the *"force" clause* of USSG § 4B1.2(a). 638 F.3d at 900-03. Whatever the merit of *Ossana* and its progeny as a limitation on the term "use" in the force clause, and whatever the vitality of those decisions after *Voisine* and *Fogg*, *compare United States v. Fields*, 863 F.3d 1012, 1015-16 (8th Cir. 2017), *with id.* at 1016 (Loken, J., dissenting), they do not apply here. By its terms, *Ossana* was limited to "the unadorned offense of reckless driving," 638 F.3d at 901 n.6, and it does not extend to Ramey's conviction for recklessly causing physical injury to another person by means of discharge of a firearm.

The judgment of the district court is affirmed.

KELLY, Circuit Judge, concurring in the judgment.

"This panel is bound by Eighth Circuit precedent, and cannot overrule an earlier decision by another panel," United States v. Lovelace, 565 F.3d 1080, 1085 (8th Cir. 2009) (quoting Passmore v. Astrue, 533 F.3d 658, 660 (8th Cir. 2008)), and Ramey argues only that Fogg was wrongly decided. But as the panel in Fogg noted, it remains "an open question in our circuit whether a statute that criminalizes the discharge of a firearm toward an occupied building or motor vehicle qualifies as a violent felony under the force clause." 836 F.3d at 955 (citing United States v. Jordan, 812 F.3d 1183, 1186–87 (8th Cir. 2016)). Similarly, whether the statute in question here, Mo. Rev. Stat. § 565.060.1(5), requires that the force be used *against the person of another* also remains undecided. See, e.g., State v. White, 138 S.W.3d 783, 785 (Mo. Ct. App. 2004) (finding evidence sufficient to support a conviction for second-degree assault under § 565.060.1(5) where the defendant "waved the gun around as if he was 'playing soldier'" because "[t]he State was not required to prove

[the defendant] intentionally pulled the trigger; its burden was satisfied by showing that [the defendant]'s reckless handling of the weapon was volitional"); State v. Arellano, 736 S.W.2d 432, 436 (Mo. Ct. App. 1987) ("[O]ne may be reckless or criminally negligent when his conduct is undirected and random, *without having a particular person as its target*." (emphasis added)). With this understanding, I concur in the judgment.

———————————————————