# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4416

_____

United States of America

*Plaintiff - Appellee*

v.

Donald G. Anthony

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: November 13, 2017
Filed: February 1, 2018
[Unpublished]

_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

In 2013, Donald Anthony pled guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1). At sentencing,

the district court[1] found Anthony was subject to a mandatory minimum sentence of fifteen years as an armed career criminal under the Armed Career Criminal Act (ACCA) based on his three prior felony convictions: an Arkansas conviction for terroristic threatening and two Nebraska convictions for assault by a confined person. 18 U.S.C. § 924(e)(1). The court sentenced Anthony to 188 months imprisonment.

After the Supreme Court decision in Johnson v. United States, 559 U.S. 133 (2010), held the residual clause of the ACCA to be unconstitutional, Anthony filed a motion to vacate his sentence under 28 U.S.C. § 2255, claiming his prior felonies no longer qualified as ACCA predicate offenses. Indeed, the government conceded that Anthony's Arkansas conviction no longer qualified as a violent felony under the ACCA and thus—because Anthony had only two predicate offenses—the district court determined that he did not meet the ACCA requirement of three violent felonies. 18 U.S.C. § 924(e)(1). The district court granted Anthony's motion to vacate and ordered resentencing. At resentencing, the district court found that Anthony did, however, qualify as a career offender under United States Sentencing Guidelines § 4B1.1(a), which requires only two predicate offenses for crimes of violence. After rejecting Anthony's argument that his two Nebraska convictions did not qualify as crimes of violence, the district court resentenced him to 80 months imprisonment as a career offender.

On appeal, Anthony challenges only the district court's finding that his Nebraska convictions constitute crimes of violence. We review de novo whether a conviction qualifies as a crime of violence. United States v. Harrison, 809 F.3d 420, 425 (8th Cir. 2015).

The Sentencing Guidelines define a "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that

---

[1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska.

. . . has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a)(1). Under Nebraska law, assault by a confined person is defined as "[a]ny person who is legally confined . . . intentionally, knowingly, or recklessly caus[ing] bodily injury to another person." Neb. Rev. Stat. § 28-932(1). Anthony argues that because the statute encompasses force applied recklessly, it cannot constitute a crime of violence.

As Anthony himself concedes, however, our decision here is controlled by our previous decision in United States v. Fogg, 836 F.3d 951 (8th Cir. 2016). There, we held that "use. . . of physical force" under the ACCA includes force applied recklessly. Id. at 956. And "we see no reason why 'use' of force under the guidelines would mean something different from 'use' of force under the ACCA." United States v. Ramey, No. 16-4328, slip op. at 3 (8th Cir. Jan 22, 2018). Moreover, we recently held a Missouri statute criminalizing reckless conduct to be a crime of violence under the Guidelines. Id. Accordingly, we conclude that "intentionally, knowingly, or recklessly caus[ing] bodily injury to another person," Neb. Rev. Stat. § 28-932(1), constitutes a use of force under the Guidelines. Thus, Anthony's two prior convictions for assault by a confined person constitute crimes of violence, making him a career offender under the Guidelines. See USSG § 4B1.1(a).

We therefore affirm Anthony's sentence.

_____