# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1900

_____

United States of America

*Plaintiff - Appellee*

v.

Carlos Deonta Brown, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: March 12, 2018
Filed: July 13, 2018
[Unpublished]

_____

Before WOLLMAN, SHEPHERD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Carlos Deonta Brown, Jr., pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced Brown

---

[1] The Honorable Brian C. Wimes, United States Judge for the Western District of Missouri.

to a term of 58 months' imprisonment followed by a three-year term of supervised release.  Brown argues the district court erred in finding his Missouri conviction for third-degree domestic assault qualified as a "crime of violence" under the United States Sentencing Guidelines (Guidelines or U.S.S.G.).

This court reviews de novo whether a prior conviction is a crime of violence. United States v. Harrison, 809 F.3d 420, 425 (8th Cir. 2015).  Brown was convicted in 2010 of third-degree domestic assault under Mo. Rev. Stat. § 565.074.  The parties agree that Brown's conviction falls under the first subsection of the statute.  Under that subsection, a person commits third-degree domestic assault if the act involves a family or household member or an adult who is or has been in a continuing social relationship or intimate nature with the actor and "[t]he person attempts to cause or recklessly causes physical injury to such family or household member[.]" Mo. Rev. Stat. § 565.074.1 (2010).

Brown argues that the district court erred in finding that his third-degree domestic assault conviction qualified as a crime of violence because the offense (1) does not require application of force, and (2) can be committed recklessly.  We disagree.

Our precedent views a "violent felony" under the Armed Career Criminal Act and a "crime of violence" under the Guidelines as interchangeable. United States v. Hall, 877 F.3d 800, 806 (8th Cir. 2017).  In United States v. Swopes, 886 F.3d 668, 670 (8th Cir. 2018), we held that the Armed Career Criminal Act "defines 'violent felony' to include an offense that 'has as an element the use, attempted use, or threatened use of physical force against the person of another[.]'"  The focus under the categorical approach is on whether the elements of the state statute satisfy the federal definition of violent felony. Id. (citing Mathis v. United States, – U.S. –, 136 S. Ct. 2243, 2248 (2016)).  If the statute of conviction encompasses multiple crimes, some of which are crimes of violence and some of which are not, "we apply a

modified categorical approach to 'look at the charging document, plea colloquy, and comparable judicial records' for determining which part of the statute the defendant violated." United States v. Rice, 813 F.3d 704, 705 (8th Cir. 2016) (quoting United States v. Dawn, 685 F.3d 790, 794 (8th Cir. 2012)).

Because there is no dispute as to the pertinent subsection to be analyzed, we need not consider the modified categorical approach. The text of the Missouri third-degree domestic assault statute at issue requires proof that a defendant attempted to cause or caused physical injury to another. This is a crime that has as an element the use, attempted use, or threatened use of physical force. Physical force includes force applied recklessly. United States v. Anthony, 710 F. App'x 280, 281 (8th Cir. 2018); United States v. Ramey, 880 F.3d 447, 448-49 (8th Cir. 2018); United States v. Fogg, 836 F.3d 951, 956 (8th Cir. 2016).

Brown's third-degree domestic assault conviction is a "crime of violence" under the Guidelines. The judgment of the district court is affirmed.

_____