# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2811
_____

United States of America

*Plaintiff - Appellee*

v.

Aliance C. Giles

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 5, 2019
Filed: September 9, 2019
[Unpublished]

_____

Before COLLOTON, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Aliance Giles appeals after he pled guilty to a felon-in-possession charge, and the district court[1] sentenced him to a prison term within the calculated United States

_____

[1]The Honorable Greg Kays, then Chief Judge, now United States District Judge for the Western District of Missouri.

Sentencing Guidelines Manual ("Guidelines") range. His counsel has moved to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 739 (1967), challenging the use of Giles's prior Missouri convictions for second-degree robbery and second-degree assault as crimes of violence for the purpose of determining his offense level under U.S.S.G. § 2K2.1(a)(2) (noting offense level 24 applies to unlawful possession of firearm committed subsequent to sustaining at least two felony convictions for crimes of violence).

We conclude the district court did not err in calculating Giles's Guidelines range. *See United States v. Turner*, 781 F.3d 374, 393 (8th Cir. 2015) (reviewing district court's application of Guidelines de novo, and its findings of fact for clear error); *see also United States v. Ramey*, 880 F.3d 447, 448-49 (8th Cir. 2018) (holding Missouri second-degree assault conviction for recklessly causing physical injury to another person by means of discharging a firearm was crime of violence under Guidelines); *cf. United States v. Swopes*, 886 F.3d 668, 672 (8th Cir. 2018) (en banc) (holding Missouri second-degree robbery conviction categorically qualifies as violent felony under Armed Career Criminal Act); *United States v. Hall*, 877 F.3d 800, 806 (8th Cir. 2017) (construing definitions of violent felony under Armed Career Criminal Act and crime of violence under Guidelines as interchangeable). In addition, having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we grant counsel leave to withdraw, and we affirm.

_____