

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| IN THE INTEREST OF: K.A.W. | ) | No. ED107690 |
| | ) | |
| | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| | ) | 1822-JU00559 |
| | ) | |
| | ) | Honorable Steven R. Ohmer |
| | ) | |
| | ) | Filed: January 28, 2020 |

## OPINION

This appeal addresses whether after the transfer of K.A.W.'s juvenile case from one circuit court to another pursuant to § 211.031.2,[1] the receiving court had the authority to add to or amend the originating court's charges in its adjudication of the juvenile.

The instant case arose from the charges that K.A.W. unlawfully entered a building on May 22, 2018 on the campus of Washington University in St. Louis County and stole an iPhone. The juvenile officer filed a petition in the Circuit Court of St. Louis County asserting that K.A.W. committed multiple offenses during the incident, including the class A misdemeanor of stealing. Then, in exchange for K.A.W.'s admission to the stealing charge, the officer agreed to the dismissal without prejudice of all other offenses.

---

[1] All statutory references are to RSMo 2018.

Based on K.A.W.'s admission and with his consent, the Circuit Court of St. Louis County adjudicated[2] him delinquent based on the stealing charge and found that he therefore came within the provisions of § 211.031.1(3), authorizing the juvenile court to act to facilitate his care, protection, and discipline. But the court did not dispose of the cause, in part because K.A.W. did not live in St. Louis County. Rather, pursuant to the authority conferred by § 211.031.2(2)—which allows a circuit court on its own motion to transfer jurisdiction of a juvenile to the court located in the county of the juvenile's residence—the court transferred the cause to the Circuit Court of the City of St. Louis, where K.A.W. resided.

Following the transfer, the juvenile officer in the City filed an amended petition alleging that K.A.W., in connection with a separate incident, committed the class A felony of first-degree robbery and the class D felony of first-degree tampering by forcibly stealing and operating a vehicle in the City of St. Louis on October 30 and 31, 2018. An adjudication hearing was held and the court found the juvenile officer failed to prove first-degree tampering but had proved beyond a reasonable doubt that K.A.W. committed first-degree robbery. Then, after the disposition hearing, the court entered a judgment in which it ordered K.A.W. committed to the custody of the Division of Youth Services but stayed that commitment and placed him on intensive court supervision with specific conditions. K.A.W. did not file a motion for rehearing.

---

[2] Sections 211.171 and 211.181 and Missouri Supreme Court Rules 124.06 and 124.07 provide for bifurcated hearings to dispose of any petition alleging that a minor is in need of care and treatment by the court. *K.S.W. v. C.P.S.*, 454 S.W.3d 422, 426 (Mo.App.W.D. 2015) (citing the statutes and rules just referenced). These hearings are identified as an *adjudication* hearing and a *dispositional* hearing. *Id.* The first hearing "concerns only whether the juvenile officer established the necessity of the court to assume jurisdiction over the child." *Id.* If the court finds no such necessity has been established, it shall enter judgment denying the juvenile officer's petition; but if the court finds the juvenile officer has demonstrated the necessity for the court to assume jurisdiction, it will hold a subsequent dispositional hearing. *Id.* In that second hearing, finally, the juvenile court receives evidence to determine "what disposition, if any, (i.e., placement, treatment, and care) the court should order as being in the best interest of the child." *Id.*

K.A.W. now appeals, asserting that the court plainly erred by allowing the juvenile officer to file an amended petition alleging that he committed first-degree robbery, and by adjudicating him delinquent of that offense. K.A.W. claims that the City of St. Louis, as the receiving court of the transfer under § 211.031.2(2), was bound solely to dispose of the cause based on the prior adjudication in St. Louis County and had no power to adjudicate him for a different or additional offense. We disagree and finding no plain error, we affirm.

**Standard of Review**

Juvenile proceedings are reviewed under the same standard as any other court-tried case. *In re J.L.T.*, 441 S.W.3d 183, 185 (Mo.App.E.D. 2014). Where the issues are preserved for review, we will affirm the juvenile court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* (citing *In re A.G.R.*, 359 S.W.3d 103, 108 (Mo.App.W.D. 2011)); *see also Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976)).

Here, however, K.A.W. concedes that he failed to preserve the issues he raises on appeal, and unpreserved issues may be reviewed only for plain error. *Matter of Care & Treatment of Braddy*, 559 S.W.3d 905, 909 (Mo.banc 2018); Rule 84.13.[3] In conducting plain error review, we first determine whether the juvenile court committed error that is "evident, obvious and clear." *In re J.L.T.*, 441 S.W.3d at 186. If so, we then ask whether the error resulted in manifest injustice or a miscarriage of justice. *Id.*

**Discussion**

Turning to the record here, we find no basis for concluding plain error occurred. K.A.W. claims the County transferred this cause to the City "solely for disposition" and therefore the City

---

[3] All rules references are to the Missouri Supreme Court Rules (2019).

3

could take no further action but to dispose of the cause following the transfer. But there is no indication in the record that the County sought to place any such a limitation on the City as the receiving court.[4] Moreover, and most importantly, K.A.W. cites no legal authority that, properly applied, precluded the City from amending the charges and adjudicating him for first-degree robbery.

Section 211.031.2(2), the statutory authority for the transfer in this case, provides in pertinent part:

> 2. Transfer of a matter, proceeding, jurisdiction or supervision for a child who resides in a county of this state shall be made as follows: . . .
>     (2) Upon the motion of any party or on its own motion prior to final disposition on the pending matter, the court in which a proceeding is commenced may transfer the proceeding of a child to the court located in the county of the child's residence, or the county in which the offense pursuant to subdivision (3) of subsection 1 of this section is alleged to have occurred for *further action* . . . .

(emphasis added).

The interpretation of a statute is a question of law that we review de novo, *Nelson v. Crane*, 187 S.W.3d 868, 869 (Mo.banc 2006), and the primary rule in statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words in their plain and ordinary meaning. *Id.* at 869-70. Applying these principles, we find that "further action" as referenced in the foregoing section and read plainly on this record does not exclude *further adjudication*, or adjudication for a different offense, so long as due process requirements are met.

---

[4] For its part, the County court ordered, "Dispositional hearing is set for a future date in the 22nd Judicial Circuit. . . . Cause transferred to Twenty-Second County/Judicial Circuit based upon the residency of the juvenile. A final disposition of the proceedings has not been entered and it is in the best interest of the juvenile that the County of residence disposes of these proceedings."

4

Additionally, Rule 113.02 provides that in a juvenile matter "[t]he petition may be amended by leave of court at any time," and that "[w]hen the petition is amended, the court shall grant the parties such additional time to prepare as may be necessary to ensure a full and fair hearing." Rule 113.02(a), (b).

On this record, notwithstanding K.A.W.'s argument that his right to due process was violated, we find Rule 113.02 and due process were satisfied. "It has long been settled that due process and fair treatment are required in juvenile court adjudications of delinquency by the Fourteenth Amendment's Due Process Clause." *T.S.G. v. Juvenile Officer*, 322 S.W.3d 145, 149 (Mo.App.W.D. 2010) (citing *In re Gault*, 387 U.S. 1, 30-31 (1967)). Among other protections, "[n]otice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must set forth the alleged misconduct with particularity." *Id.* (citing *In re Gault*, 387 U.S. at 33).

Here, K.A.W. has failed to show that any constitutional safeguard was not adhered to. Prior to the adjudication hearing for first-degree robbery, he received more than 50 days' advance notice and was given a meaningful opportunity to prepare his defense to the juvenile officer's allegations that had been amended to include the robbery charge. There is also no basis in the record on which to conclude that the amended charge failed to set forth K.A.W.'s alleged misconduct with particularity, or that he was deprived in any other way of a full and fair process here.

### Conclusion

For the reasons stated above, we affirm the judgment of the circuit court.

_____
James M. Dowd, Presiding Judge

Gary M. Gaertner, Jr., J., and
Robin Ransom, J., concur.

5