# United States Court of Appeals

## For the Eighth Circuit

———————————————

No. 13-1802

———————————————

United States of America

*Plaintiff - Appellee*

v.

Terys Boose, also known as T-Nasty

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

——————————

Submitted: September 23, 2013
Filed: January 16, 2014

——————————

Before RILEY, Chief Judge, BYE and GRUENDER, Circuit Judges.

——————————

BYE, Circuit Judge.

Terys Boose appeals his 120 month sentence, imposed by the district court after finding Boose was a career offender under United States Sentencing Guidelines Manual (U.S.S.G.) § 4B1.1(a). We vacate the sentence and remand for resentencing.

I

On August 2, 2011, Boose was charged with two counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). Pursuant to a plea agreement, Boose pleaded guilty to Count I of the indictment, and the district court dismissed Count II of the indictment.

At sentencing, the parties disputed whether Boose should be classified as a career offender under U.S.S.G. § 4B1.1. The district court determined Boose had two prior convictions which qualified as crimes of violence under U.S.S.G. § 4B1.1(b), including one for battery in the first degree under Arkansas Code Annotated § 5-13-201(a)(3), and therefore designated him as a career offender.

Designation as a career offender under § 4B1.1(b) increased Boose's offense level and criminal history category. The district court calculated the advisory guideline range at 188 to 235 months. The district court varied downward and sentenced Boose to 120 months of imprisonment.

II

Boose argues the district court erred in classifying him as a career offender under § 4B1.1(b), arguing his Arkansas conviction for battery in the first degree is not a qualifying crime of violence. We review classification as a career offender de novo. United States v. Sawyer, 588 F.3d 548, 555 (8th Cir. 2009). In general, we use the categorical approach to determine whether an offense is a crime of violence. United States v. Bartel, 698 F.3d 658, 661 (8th Cir. 2012). "[W]e look only to the fact of conviction and the statutory definition of the prior offense, and do not generally consider the particular facts disclosed by the record of conviction." Sykes v. United States, 131 S.Ct. 2267, 2272 (2011).

However, where, as here, the "state statute of conviction is overinclusive, meaning the statute proscribes conduct that is consistent with the generic federal offense as well as conduct that is not, we apply the modified categorical approach to determine which of several, separately described crimes encompassed by the statute formed the basis of the defendant's conviction." United States v. Roblero-Ramirez, 716 F.3d 1122, 1125 (8th Cir. 2013). The district court properly applied the modified categorical approach to determine Boose violated subsection (3) of Arkansas's first degree battery statute.

Under U.S.S.G. § 4B1.2(a):

The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that–

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). We sometimes refer to subparagraph (1) as the "force" clause. See United States v. Tessmer, 659 F.3d 716, 718 (8th Cir. 2011). We sometimes refer to subparagraph (2) as the "residual," or "otherwise," clause. See United States v. Craig, 630 F.3d 717, 724 (8th Cir. 2011).

We first analyze whether Boose's conviction qualifies as a crime of violence under the force clause. Boose argues it does not qualify because the statute may be violated with a mental state of recklessness. In Begay v. United States, 553 U.S. 137 (2008), the United States Supreme Court interpreted the residual clause of 18 U.S.C.

§ 924(e)(2)(B)(ii)[1] and emphasized that a crime must demonstrate a defendant's propensity toward "purposeful, violent, and aggressive conduct" to be a qualifying crime. Id. at 144-45 (internal quotation marks omitted).

In United States v. Ossana, 638 F.3d 895, 897 (8th Cir. 2011), we applied Begay to an Arizona statute which criminalized aggravated assault with a deadly weapon or dangerous instrumentality. We held that a conviction pursuant to the Arizona statute "involving merely reckless use of a vehicle is not a crime of violence." Id. at 903. We found compelling the Supreme Court's use in Begay of the example of a recklessness crime, which was not designated a crime of violence, to make the distinction between crimes which do and do not exhibit the type of deliberate violent behavior associated with crimes of violence. Id. at 902 (citing Begay, 553 U.S. at 147). We also found persuasive the reasoning from Begay which distinguished crimes involving "a mere 'callousness toward risk' from crimes that 'also show an increased likelihood that the offender is the kind of person who might deliberately point the gun and pull the trigger.'" Id. (quoting Begay, 553 U.S. at 146). Thus, we held a crime such as reckless use of a vehicle is inconsistent with the "purposeful, violent, and aggressive conduct" described in Begay, 553 U.S. at 144-45 (internal quotation marks omitted). Ossana, 638 F.3d at 901.

In United States v. Dawn, 685 F.3d 790, 795 (8th Cir. 2012), we examined Arkansas's second-degree battery statute, which, in subsection (3), prohibited conduct where an individual "recklessly causes serious physical injury to another person by means of a deadly weapon." Ark. Code. Ann. § 5-13-202(a)(3) (2006) (the version of the statute in effect at the time of the underlying offense). Dawn applied Ossana

---

[1]Based on their nearly identical definitions, we construe "violent felony" under 18 U.S.C. § 924(e)(2)(B)(ii) (the Armed Career Criminal Act) and "crime of violence" under the Guidelines as interchangeable, including the corresponding force clauses and residual clauses. United States v. Hennecke, 590 F.3d 619, 621 n.2 (8th Cir. 2010).

-4-

to the force clause and held second-degree battery under Arkansas law was not categorically a crime of violence because a conviction could be based on reckless driving under subsection (3). 685 F.3d at 795. Dawn holds reckless driving is insufficient to qualify as a crime of violence under the force clause of U.S.S.G. § 4B1.2(a)(1). Id.

So long as the Arkansas statute at issue encompasses reckless driving which results in serious injury, Boose's conviction was not a qualifying crime of violence under the force clause of the Guidelines.

Under Arkansas Code Annotated § 5-13-201(a)(3), "[a] person commits battery in the first degree if . . . [t]he person causes serious physical injury to another person under circumstances manifesting extreme indifference to the value of human life." As a general matter, Arkansas law provides "if the statute defining an offense does not prescribe a culpable mental state a culpable mental state is nonetheless required and is established only if a person acts purposely, knowingly, or recklessly." Ark. Code Ann. § 5-2-203(b). Our reading of Arkansas law supports the position a person can cause serious physical injury to another under circumstances exhibiting extreme indifference with a reckless state of mind. This interpretation of Arkansas law was affirmed by the most recent Supreme Court of Arkansas case to address the mental state required for a conviction under § 5-13-201(a)(3), Hoyle v. State, 268 S.W.3d 313, 318-19 (Ark. 2007). In Hoyle, the court upheld a first degree battery conviction under subsection (3) where the defendant "acted *recklessly* under circumstances manifesting extreme indifference to human life" and the defendant "exhibited *reckless* conduct that involved a conscious disregard of a perceived risk." Id. at 318 (emphasis added).

While it remains true a conviction for first-degree battery under § 5-13-201(a)(3) requires a defendant manifest "extreme indifference to the value of human life," Arkansas law establishes the first-degree battery statute can be violated with a

mental state of recklessness. As a result, a conviction for battery in the first degree under § 5-13-201(a)(3) is not a qualifying crime of violence under the force clause of U.S.S.G. § 4B1.2(a)(1).

We must then consider whether a conviction under subsection (3) of Arkansas's battery in the first degree statute is a crime of violence under the residual clause of the Guidelines. U.S.S.G. § 4B1.2(a)(2) provides a "crime of violence" means an offense which "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Boose did not violate one of the enumerated crimes. Thus, we must determine whether Boose's prior conviction "otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2).

Subsection (3) of Arkansas' first degree battery statute can be violated by driving under the influence. Hoyle, 268 S.W.3d at 502 (upholding conviction where "evidence demonstrated Hoyle drove a fully loaded commercial vehicle weighing over 28,000 pounds while under the influence of methamphetamine."). Under the modified categorical approach, we determine Boose violated subsection (3) of the statute of conviction, but "we do not consider what the defendant's actual conduct might have been." Roblero-Ramirez, 716 F.3d at 1125. Ossana, 638 F.3d at 903, held reckless use of a vehicle is not a crime of violence pursuant to the residual clause for the same reasons it is not a crime of violence pursuant to the force clause. Although a violation of § 5-13-201(a)(3) is dangerous, it does not necessarily involve the "purposeful, violent, and aggressive conduct" required to qualify as a crime of violence under the residual clause. Cf. United States v. Vincent, 575 F.3d 820, 826 (8th Cir. 2009) (holding an Arkansas statute requiring a mental state of "purposefully, knowingly, or recklessly" qualified as a crime of violence under the residual clause because possession of a sawed-off shotgun is similar in kind as well as degree of risk to the enumerated crimes).

Boose is not a career offender under U.S.S.G. § 4B1.1. Boose's conviction for first-degree battery under § 5-13-201(a)(3) is not a crime of violence under the force clause because the crime can be violated by reckless driving. Boose's conviction is also not a crime of violence under the residual clause because subsection (3) is not similar in kind or degree of risk to the enumerated crimes. Therefore, Boose lacks the two predicate crimes of violence needed to qualify as a career offender.

Given this conclusion, remand is necessary. Because the record demonstrates the government had a full and fair opportunity to present its evidence regarding whether the first-degree battery conviction qualified as a crime of violence, there is no reason to allow the government to expand the record on remand. See United States v. Thomas, 630 F.3d 1055, 1057 (8th Cir. 2011).

### III

Accordingly, we vacate Boose's sentence and remand to the district court for resentencing.

_____