MURPHY, Circuit Judge.
A jury found Corey Fogg guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1] enhanced his sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), based on his three prior violent felony convictions and sentenced him to 235 months imprisonment. Fogg appeals, arguing that the district court abused its discretion in excluding evidence during his trial and that his prior conviction for attempted drive by shooting is not a violent felony under the ACCA. We affirm Fogg’s conviction and sentence.
I.
On May 30, 2014 two police officers were dispatched to north Minneapolis on a report that two men had been seen with a gun. When the police approached the men, one of them fled, later identified as Corey Fogg. Officer Richard Walker chased Fogg on foot into an alley where he pulled out what appeared to be a gun and looked back toward the officer. Walker then fired two shots at Fogg, striking him in the foot and lower back. Walker testified that as Fogg fell he threw the object in his hand over a fence and into an adjacent yard. Police officers later found a handgun in that yard.
Fogg was indicted on one count of being a felon in possession of a handgun. The government filed a motion in limine seeking to exclude officer. Walker’s alleged use of excessive force while Fogg moved to admit evidence of Walker’s alleged use of such force in previous cases. The district court allowed Fogg to present evidence that an officer who uses excessive force can face serious consequences, but any evidence attempting to show Walker’s alleged use of excessive force in previous cases was excluded under Rule 403. The jury found Fogg guilty.-
The presentence report concluded that Fogg was an armed career criminal due to his prior convictions for first degree manslaughter, simple robbery, and attempted drive by shooting. Fogg objected to this finding at sentencing, arguing that his attempted drive by shooting conviction under Minn. Stat. § 609.66, subd. le did not qualify as a violent felony under the ACCA. The district court rejected this argument, determined that Fogg was an armed career criminal, and sentenced him to 235 months imprisonment.
II.
Fogg argues that the district court abused its discretion by excluding evidence under Rule 403 of prior allegations of excessive force by officer Walker. We review evidentiary rulings for abuse of discretion. United States v. Condon, 720 F.3d 748, 754 (8th Cir. 2013). A district court’s application of Rule 403 is entitled to great deference unless it “unfairly prevents] a party from proving” its case. Id. (internal quotation marks omitted). Fogg *954 contends that this evidence was relevant to his defense theory that the officers had planted a gun in the yard to cover up then-own excessive use of force. The court did not abuse its discretion in excluding this evidence because Fogg was entitled to present his defense theory.
III.
Fogg next argues that the district court erred by concluding that his prior conviction under Minnesota’s drive by shooting statute, Minn. Stat. § 609.66, subd. le, qualifies as a violent felony under the force clause of the ACCA. The ACCA requires a mandatory minimum fifteen year sentence if a defendant has been convicted as a felon in possession of a firearm “and has three previous convictions ... for a violent felony.” 18 U.S.C. § 924(e)(1). A prior conviction “cannot qualify as an ACCA predicate offense if its elements are broader than,” the definition of a “violent felony.” See Mathis v. United States, —— U.S. ——, 136 S.Ct. 2243, 2251, 195 L.Ed.2d 604 (2016). A violent felony under the ACCA’s force clause must have “as an element the use, attempted use, or threatened use of physical force against the person of another.” 18 U.S.C. § 924(e)(2)(B)(i).
A.
Fogg first contends that the drive by shooting statute is not an ACCA violent felony because it does not criminalize the use of force “against the person of another.” See 18 U.S.C. § 924(e)(2)(B)(i). We review this issue de novo. See United States v. Cole, 778 F.3d 1055, 1055 (8th Cir. 2015). In determining whether a prior conviction’s elements are broader than the ACCA’s definition of “a violent felony, courts should start with the formal categorical approach and look only to the fact of conviction and the statutory definition of the prior offense.” See United States v. Schaffer, 818 F.3d 796, 797 (8th Cir. 2016) (internal quotation marks omitted). When a “statute criminalizes both conduct that does and does not qualify as a violent felony and the statute is divisible, we apply the modified categorical approach and may review certain judicial records to identify which section of the statute supplied the basis for a defendant’s conviction.” United States v. Headbird, 832 F.3d 844, 846, No. 15-3718, 2016 WL 4191186, at *1 (8th Cir. Aug. 9, 2016) (internal quotation marks omitted).
We begin our analysis by determining the elements of Fogg’s predicate offense of drive by shooting. A person is guilty of drive by shooting under subdivision 1e(a) if “while in or having just exited from a motor vehicle, [he] recklessly discharges a firearm at or toward another motor vehicle or a building.” Minn. Stat. § 609.66, subd. 1e(a). A conviction under subdivision 1e(a) is a felony with a maximum punishment of three years imprisonment, but the maximum penalty is increased to twenty years imprisonment under subdivision 1e(b) if the defendant discharged the firearm “at or toward a person, or an occupied building or motor vehicle” Id. subd. 1e. A review of Fogg’s plea hearing transcript shows that he was convicted under subdivision 1e(b) because his offense involved firing a gun at a person. See United States v. Vinton, 631 F.3d 476, 485 (8th Cir. 2011).
In State v. Hayes, 826 N.W.2d 799, 803-05 (Minn. 2013), the Minnesota Supreme Court discussed the relationship between subdivision 1e(a) and 1e(b). The court concluded that subdivision 1e(b) is not a “separate, aggravated offense” which can be charged by itself, rather “subdivision 1e(b) operates only when all of the elements in subdivision 1e(a) have been satisfied.” Id. at 804-06. The Hayes court adopted the straightforward reading of Minn. Stat. § 609.66 that “subdivision 1e(b) provides for a sentence enhancement when a person, while committing a drive-by shooting *955 [under subdivision 1e(a) ], discharges a firearm at or toward an occupied building, an occupied motor vehicle, or person.” 826 N.W.2d at 804.
Because subdivision 1e(a) and 1e(b) are linked to each other, we must determine whether subdivision 1e(b) supplies an additional “element” to subdivision 1e(a) in cases where the state is attempting to impose a higher fine or increase the statutory maximum. See 18 U.S.C. § 924(e)(2)(B)(I). An element of a crime is something “the prosecution must prove to sustain a conviction,” meaning either something the jury must find beyond a reasonable doubt or something the defendant must admit during a guilty plea. Mathis, 136 S.Ct. at 2248 (internal quotation marks omitted). The United States Supreme Court has held that “when the term ‘sentence enhancement’ is used to describe an increase beyond the maximum authorized statutory sentence, it is the functional equivalent of an element of a greater offense than the one covered by the jury’s guilty verdict.” Apprendi v. New Jersey, 530 U.S. 466, 494 n.19, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Subdivision le(b) is thus considered an additional element to subdivision le(a) because it increases the statutory maximum punishment for a drive by shooting from three years to twenty years. See Mathis, 136 S.Ct. at 2256 (noting that “[i]f statutory alternatives carry different punishments, then under Apprendi they must be elements” under the ACCA).
The dissent argues that subdivision 1e(b) is not an element because Hayes labeled that subdivision a “sentence-enhancement provision.” 826 N.W.2d at 805. The dissent misreads Hayes. The court used the phrase “sentence-enhancement provision” only as a label to distinguish between two rival interpretations of the statute. Id. at 804-05. It went on to conclude that Hayes’s conviction for first degree murder while committing a drive by shooting should be reversed because the state had not established the elements of subdivision 1e(a), even though it had established the elements of subdivision 1e(b). Id. at 804-06. The court was not considering the application of Apprendi to the Minn. Stat. § 609.66. See 826 N.W.2d at 799-808. If it had, it would have concluded that subdivision le(b) is an element because the Minnesota Supreme Court has stated in no uncertain terms that a sentencing enhancement that increases the statutory maximum term of imprisonment must either be “found by a jury beyond a reasonable doubt” or admitted by the defendant. State v. Dettman, 719 N.W.2d 644, 649 (Minn. 2006); see also State v. Shattuck, 704 N.W.2d 131, 153 n.4 (Minn. 2005) (citing Apprendi, 530 U.S. at 494 n.19, 120 S.Ct. 2348).
Following Mathis and Hayes we conclude that subdivision 1e(b) of Minnesota’s drive by shooting offense contains the following elements: 1) the defendant “was in or had just exited a motor vehicle”; 2) the defendant “recklessly discharged a firearm at or toward another motor vehicle or a building”; and 3) the defendant fired “at or toward a person, or an occupied building or motor vehicle.” See Hayes, 826 N.W.2d at 806; Minn. Stat. § 609.66, subd. 1e; Minn. Jury Instruction Guides- — -Criminal (CRIMJIG) § 32.04 (2016). In determining whether subdivision 1e(b)’s elements are broader than the definition of a violent felony under the ACCA, we begin with the formal categorical 'approach. See Schaffer, 818 F.3d at 797.
It is an open question in our circuit whether a statute that criminalizes the discharge of a firearm toward an occupied building or motor vehicle qualifies as a violent felony under the force clause. See United States v. Jordan, 812 F.3d 1183, 1186-87 (8th Cir. 2016) (concluding that a statute criminalizing conduct that creates *956 “a substantial danger of death or serious physical injury” does not qualify as a violent felony); see also United States v. Parral-Dominguez, 794 F.3d 440, 444-46 (4th Cir. 2015); United States v. Jaimes-Jaimes, 406 F.3d 845, 849-51 (7th Cir. 2005). Since the statute potentially “criminalizes both conduct that does and does not qualify as a violent felony and the statute is divisible, we apply the modified categorical approach ... to identify which section of the statute supplied the basis for” Fogg’s conviction. See Headbird, 832 F.3d at 846, 2016 WL 4191186, at *1 (internal quotation marks omitted).
A review of Fogg’s guilty plea record reveals that he was convicted of firing “at or toward a person” under subdivision 1e(b) because he admitted that he had “pulled a gun on [his victim] and attempted to shoot him.” Fogg’s conviction thus involved the use of force “against the person of another.” See 18 U.S.C. § 924(e)(2)(B)(i).
B.
Fogg also argues that Minnesota’s drive by shooting statute does not qualify as a violent felony because it only criminalizes reckless conduct as opposed to that which is intentional or purposeful. The government claims that our review should be for plain error because Fogg did not raise this specific argument before the district court. Nevertheless, Fogg argued at sentencing that Minnesota’s drive by shooting statute did not qualify as a violent felony under the force clause. At that time he explained his basis for that argument was that the statute does not criminalize the use of force “against the person of another.” We review de novo his “more fully articulated argument[]” on appeal. See United States v. Ossana, 638 F.3d 895, 898 & n.2 (8th Cir. 2011).
Neither our court nor the Supreme Court has decided whether a statute criminalizing the reckless discharge of a firearm can qualify as a violent felony under the ACCA’s force clause. The Supreme Court has considered this issue, however, when analyzing the similarly worded force clause in 18 U.S.C. § 921 (a) (33) (A) (ii) which defines a misdemeanor crime of violence as one involving the “use ... of physical force.” See Voisine v. United States, — U.S. —, 136 S.Ct. 2272, —, 195 L.Ed.2d 736 (2016). The Court held that crimes requiring a mental state of recklessness may qualify as crimes of violence under the force clause because “the word ‘use’ does not demand that the person applying force have the purpose or practical certainty that it will cause harm, as compared with the understanding that it is substantially likely to do so.” Id. at 2279. Reckless conduct thus constitutes a “use” of force under the ACCA because the force clauses in 18 U.S.C. § 921(a)(33)(A)(ii) and the ACCA both define qualifying predicate offenses as those involving the “use ... of physical force” against another. Compare 18 U.S.C. § 924(e)(2)(B)(i), with 18 U.S.C. § 921(a)(33)(A)(ii); see also United States v. Rice, 813 F.3d 704 (8th Cir. 2016) (applying the Supreme Court’s analysis of 18 U.S.C. § 921 (a)(33)(A)(ii) to the ACCA’s force clause).
Since Fogg’s prior conviction of drive by shooting required a mens rea of recklessness, Minn. Stat. § 609.66, subd. 1e(b), it qualified as a violent felony under the ACCA’s force clause.
IV.
For these reasons we affirm Fogg’s conviction and sentence.

. The Honorable Patrick J. Schütz, United States District Court Judge for the District of Minnesota.