# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4140

_____

United States of America

*Plaintiff - Appellee*

v.

Phillip D. Fields

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: June 9, 2017
Filed: July 20, 2017

_____

Before LOKEN, MURPHY, and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

Phillip Fields pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced Fields to 41 months in prison. On appeal, Fields argues the district court erred in calculating his advisory sentencing range. Specifically, Fields contends his

prior Missouri conviction for second-degree assault is not a crime of violence under the United States Sentencing Guidelines. We reverse and remand for resentencing.

I.

Fields's presentence investigation report ("PSR") concluded that he had one prior felony conviction for a controlled substance offense and one prior felony conviction for a crime of violence. The PSR thus recommended a base offense level of 24. See U.S.S.G. § 2K2.1(a)(2) (stating a base offense level of 24 applies if the defendant unlawfully possesses a firearm "subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense").

Fields objected. He argued before the district court that his second-degree assault conviction under Missouri Revised Statutes § 565.060.1(3) (2003)[1] was not a crime of violence. Thus, Fields argued, his base offense level should be 20. See U.S.S.G. § 2K2.1(a)(4) (stating a base offense level of 20 applies if the defendant unlawfully possesses a firearm "subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense").

The district court concluded that the assault conviction was a crime of violence and overruled Fields's objection. After acceptance-of-responsibility adjustments, the district court found that Fields had a total offense level of 21 and a criminal history category of II. This resulted in a Guidelines range of 41 to 51 months. The district court sentenced Fields to the bottom of this range: 41 months in prison. If the district court had sustained Fields's crime-of-violence objection, the resulting Guidelines range would have been 27 to 33 months.

---

[1] Since Fields's arrest and conviction, the assault statute has been recodified at Missouri Revised Statutes § 565.052.1(3).

II.

"We review de novo a district court's determination that an offense qualifies as a crime of violence under the Guidelines." United States v. Harrison, 809 F.3d 420, 425 (8th Cir. 2015). As material to the present case, the Guidelines define a crime of violence as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a); see also id. § 2K2.1 cmt. 1 (incorporating definition under § 4B1.2(a)).[2]

"To determine whether a prior conviction was for a crime of violence, 'we apply a categorical approach, looking to the elements of the offense as defined in the . . . statute of conviction rather than to the facts underlying the defendant's prior conviction.'" United States v. Rice, 813 F.3d 704, 705 (8th Cir. 2016) (alteration in original) (quoting United States v. Dawn, 685 F.3d 790, 794 (8th Cir. 2012)). "If the statute of conviction . . . encompasses multiple crimes, some of which are crimes of violence and some of which are not, we apply a modified categorical approach to 'look at the charging document, plea colloquy, and comparable judicial records' for determining which part of the statute the defendant violated." Id. (quoting Dawn, 685 F.3d at 794–95). "We then determine whether a violation of that statutory subpart is a crime of violence." Id.

Here, the parties have simplified our analysis. There is no dispute that Fields was convicted of second-degree assault under Missouri Revised Statutes § 565.060.1

---

[2] By October 2016, when Fields was sentenced, the Sentencing Commission had removed the residual clause from the Guidelines. See U.S.S.G. app. C, amend. 798 (effective Aug. 2016); United States v. Benedict, 855 F.3d 880, 888–89 (8th Cir. 2017). Accordingly, we need only address whether Fields's conviction is a crime of violence under the force clause.

(2003). Further, there is no dispute that Fields was convicted under subsection (3) of that statute, so the government concedes we need not apply the modified categorical approach to determine the statutory subpart of conviction. Under subsection (3), "[a] person commits the crime of assault in the second degree if he . . . [r]ecklessly causes serious physical injury to another person." Mo. Rev. Stat. § 565.060.1(3). The only question before this Court, then, is whether a conviction under subsection (3) is categorically a crime of violence. In other words, because we may not look to the facts underlying the prior conviction, the question before us is whether the mere fact that Fields was convicted under subsection (3) necessarily demonstrates he committed a crime of violence.

Fields argues that our decision in United States v. Ossana, 638 F.3d 895 (8th Cir. 2011), provides the controlling answer. In Ossana, we held that a conviction under an Arizona assault statute was not categorically a crime of violence under the Guidelines because the assault statute also criminalized reckless driving resulting in injury. Id. at 903. In so holding, we reasoned from the Supreme Court's decision in Begay v. United States, 553 U.S. 137, 139 (2008), which held that a conviction for driving under the influence of alcohol was not a "violent felony" for purposes of the Armed Career Criminal Act ("ACCA"). We have reaffirmed Ossana on at least two occasions. See United States v. Boose, 739 F.3d 1185, 1187 (8th Cir. 2014) ("So long as . . . Arkansas['s first-degree battery] statute . . . encompasses reckless driving which results in serious injury, [a] conviction [under that statute] [i]s not a qualifying crime of violence under the force clause of the Guidelines."); Dawn, 685 F.3d at 795 (applying Ossana and holding that a conviction under Arkansas's second-degree battery statute did not categorically qualify as a crime of violence because the statute also encompassed reckless driving).

In the present case, the government concedes that a defendant may be convicted of second-degree assault under subsection (3) for reckless driving that results in injury. See, e.g., State v. Reando, 313 S.W.3d 734, 739 (Mo. Ct. App.

-4-

2010). Fields's conviction, therefore, is not a crime of violence under Ossana and its progeny.

The government, however, argues that Ossana is no longer binding on this Court. To support this argument, the government points to the Supreme Court's decision in Voisine v. United States, 136 S. Ct. 2272 (2016), and our subsequent decision in United States v. Fogg, 836 F.3d 951 (8th Cir. 2016). In Voisine, the Supreme Court considered whether a misdemeanor assault conviction with a mens rea of recklessness is a "misdemeanor crime of domestic violence" for purposes of triggering the firearms ban under 18 U.S.C. § 922(g)(9). 136 S. Ct. at 2276. The Court concluded that "Congress's definition of a 'misdemeanor crime of violence' contains no exclusion for convictions based on reckless behavior. A person who assaults another recklessly 'use[s]' force, no less than one who carries out that same action knowingly or intentionally." Id. at 2280 (alteration in original) (quoting 18 U.S.C. § 921(a)(33)(A)). Subsequently, in Fogg, we concluded that a conviction for, among other elements, "recklessly discharg[ing] a firearm . . . at or toward a person" is a violent felony. 836 F.3d at 954, 956 (quoting Minn. Stat. § 609.66, subdiv. 1e(a)–(b)). In so doing, we extended Voisine's reasoning to the force clause of the ACCA. Id. at 956.

The government argues that Voisine and Fogg abrogated Ossana such that Fields's assault conviction is now a crime of violence. Because Voisine held that a crime with a reckless mens rea may qualify as a "misdemeanor crime of domestic violence," the government contends, it follows that reckless driving resulting in injury is a crime of violence under the Guidelines. But, unlike Voisine, our decision in Ossana did not turn on whether a reckless mens rea inherently disqualifies an offense as a crime of violence. See United States v. Kosmes, 792 F.3d 973, 977 (8th Cir. 2015) ("We did not say in Ossana that crimes with a reckless mens rea categorically do not qualify as crimes of violence under the Guidelines."). Rather, we specifically limited our holding to "crimes . . . which encompass[ ] the unadorned offense of

-5-

reckless driving resulting in injury. This crime is distinct from other crimes of recklessness . . . ." Ossana, 638 F.3d at 901 n.6.

Under Ossana, it is the *crime* that matters. Id. This is similar to the Supreme Court's decision regarding DUI crimes in Begay. See 553 U.S. at 144–48. The Supreme Court in Voisine, by contrast, merely decided whether a crime with the mental state of recklessness may be a "misdemeanor crime of domestic violence." 136 S. Ct. at 2276. The Court did not decide that all crimes with a reckless mens rea are crimes of violence in all circumstances. See, e.g., id. at 2280 n.4 ("[O]ur decision today concerning § 921(a)(33)(A)'s scope does not resolve whether [18 U.S.C] § 16 includes reckless behavior. Courts have sometimes given those two statutory definitions divergent readings in light of differences in their contexts and purposes, and we do not foreclose that possibility with respect to their required mental states."). The Fogg court, moreover, considered a crime limited to the reckless discharge of a firearm. 836 F.3d at 954. Neither Voisine nor Fogg considered whether a conviction under a statute that also criminalizes reckless driving is categorically a crime of violence under the Guidelines.

Ossana thus remains dispositive of the present appeal. Because Missouri Revised Statutes § 565.060.1(3) encompasses reckless driving resulting in injury, see, e.g., Reando, 313 S.W.3d at 739, Fields's second-degree assault conviction is not a crime of violence under the Guidelines, see Ossana, 638 F.3d at 903. We therefore reverse and remand for resentencing.

LOKEN, Circuit Judge, dissenting.

Paragraph 27 of Phillip Fields's Presentence Investigation Report recites that, in March 2003, Fields "hit [Sylvester] Newman in the head with a large bottle and stabbed him several times with a butcher knife," requiring Newman to be treated "for two large lacerations to his scalp, a puncture wound to his shoulder, stab wounds to

his hand, [and] various contusions to his head and face." Fields was charged with first degree assault and armed criminal action. He pleaded guilty to second degree assault in violation of Missouri Revised Statutes § 565.060, admitting that he "recklessly caused serious physical injury to Sylvester Newman by stabbing him."

The court concludes that the district court erred in imposing the sentencing enhancement in U.S.S.G. § 2K2.1(a)(2) because the above-described offense was not a "crime of violence." Why not? Because the statute might be violated by another defendant charged with reckless driving that results in injury. It is hard for me to imagine a decision more inconsistent with the intent of Congress when it instructed the Sentencing Commission to establish guidelines that "specify . . . a term of imprisonment at or near the maximum term authorized" if the defendant was previously convicted of "two or more prior felonies, each of which is (A) a crime of violence." 28 U.S.C. § 994(h)(2)(A).

The court reaches its conclusion by relying on three prior decisions holding that recklessly driving a motor vehicle can never be a "crime of violence." In my view, those decisions were wrongly overbroad when decided, and they have been overruled or significantly restricted by subsequent Supreme Court and Eighth Circuit decisions. Therefore, they are not controlling precedent in this case.

Accordingly, I respectfully dissent.

_____