After the panel opinion was filed on September 28, 2018, a judge in regular active service requested a poll on whether to rehear this appeal en banc. Five judges voted in favor of rehearing en banc; five judges voted against rehearing en banc; one judge is disqualified.
Accordingly, the suggestion to rehear the case en banc is denied. Chief Judge Smith, Judge Wollman, Judge Loken, Judge Colloton, and Judge Gruender would rehear the case en banc. Judge Erickson did not participate in the consideration or decision of this matter.
I would rehear this case en banc to reconsider the panel's decision that aggravated assault in North Dakota is not a "crime of violence" under USSG § 4B1.2(a). The panel's conclusion-that an offense encompassing reckless driving causing injury does not have as an element the use, attempted use, or threatened use of physical force against the person of another-is unsupported by the text of the guideline, has significant effect on the law of the circuit, and conflicts with other persuasive authority. We should undertake further review.
The panel opinion says that reckless driving causing injury "does not require physical force." United States v. Schneider , 965 F.3d 1088, 1092 (8th Cir. 2018). This is wrong. Injury requires physical force. As we explained in United States v. Winston , 845 F.3d 876, 878 (8th Cir.), cert. denied , --- U.S. ----, 137 S.Ct. 2201, 198 L.Ed.2d 265 (2017), "physical force" means force "capable of causing physical pain or injury to another person," Johnson v. United States , 559 U.S. 133, 140, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010), and "it is impossible to cause bodily injury without using force 'capable of' producing that result." United States v. Castleman , 572 U.S. 157, 134 S.Ct. 1405, 1416-17, 188 L.Ed.2d 426 (2014) (Scalia, J., concurring). It is also settled that a reckless application of force constitutes a "use" of force. Voisine v. United States , --- U.S. ----, 136 S.Ct. 2272, 2280, 195 L.Ed.2d 736 (2016) ; United States v. Fogg , 836 F.3d 951, 956 (8th Cir. 2016), cert. denied , --- U.S. ----, 137 S.Ct. 2117, 198 L.Ed.2d 203 (2017). Reckless driving causing injury thus has as an element the use of physical force against the person of another.
*505 The panel decision applies circuit precedent that never analyzed the text of the guideline. United States v. Ossana , 638 F.3d 895, 900-01 (8th Cir. 2011), invoked the Supreme Court's application of the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) to limit the scope of the "force" clause in USSG § 4B1.2(a). But the "force" clause has distinct textual elements, and decisions interpreting the residual clause are unenlightening. Ossana did not deny that reckless driving causing injury requires force, but added another element-not found in the text of the "force" clause-that an offender's conduct must be "purposeful, violent, and aggressive." 638 F.3d at 901 (quoting Begay v. United States , 553 U.S. 137, 144-45, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008) ). Insofar as Ossana implicitly ruled that a reckless application of force is not a "use" of force, that conclusion was superseded by Voisine and Fogg and should have been abandoned in United States v. Fields , 863 F.3d 1012 (8th Cir. 2017). See id. at 1016 (Loken, J., dissenting). As the Tenth Circuit recently recognized in rejecting Fields , nothing in the text of the "force" clause supports a distinction between reckless driving causing injury and other reckless uses of force that cause injury. United States v. Mann , 899 F.3d 898, 905-06 (10th Cir. 2018).
The decisions in Ossana , Fields , and Schneider have significant effect on the law of the circuit. Because the "force" clause of § 4B1.2(a) is identical to the "force" clause of 18 U.S.C. § 924(e)(2)(B)(i), the decisions inhibit both proper criminal history scoring under the sentencing guidelines and proper classification of recidivists under the Armed Career Criminal Act. After Mathis v. United States , --- U.S. ----, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), the decisions mean that any offense that encompasses reckless driving causing injury is excluded from the scope of "crime of violence" under the guidelines and "violent felony" under the ACCA, even when the defendant's offense conduct did not involve driving. The panel decision here excludes all aggravated assault convictions in North Dakota. Applying Schneider , the decision in United States v. Harris , 907 F.3d 1095 (8th Cir. 2018) (per curiam), excludes all second-degree domestic assault convictions in Missouri. Fields , on the same rationale, excluded second-degree assault convictions in Missouri. 863 F.3d at 1014. So too with first-degree battery and second-degree battery in Arkansas. United States v. Boose , 739 F.3d 1185, 1187-88 (8th Cir. 2014) ; United States v. Dawn , 685 F.3d 790, 795 (8th Cir. 2012). More of the same is likely to follow.
For these reasons, I would rehear the case en banc. See Fed. R. App. P. 35(b)(1)(B).