# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3771

_____

Ryan Ronald Mountain, also known as Ryan Ronald Edward Mountain

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of North Dakota - Fargo

_____

Submitted: January 30, 2019
Filed: May 17, 2019
[Unpublished]

_____

Before LOKEN, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

In 2014, Ryan Mountain pleaded guilty to being a felon in possession of a firearm and ammunition, and he was sentenced to 180 months in prison. His sentence was enhanced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (felon in possession who has three prior convictions for "violent felony" or "serious drug offense" shall be imprisoned not less than 15 years). Mountain later filed a 28 U.S.C.

§ 2255 motion claiming that he no longer qualified as an armed career criminal, in light of the decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). Mountain's motion was denied, based in part on the district court's conclusion that, after <u>Johnson</u>, his two prior North Dakota convictions for willful aggravated assault still qualified as "violent felon[ies]" for purposes of § 924(e). A panel of this court then granted Mountain's request for a certificate of appealability on the issue whether, after <u>Johnson</u>, his prior North Dakota convictions for willful aggravated assault qualified as "violent felon[ies]" for purposes of § 924(e).

We have conducted a careful de novo review.[1] <u>See</u> <u>Boaz v. United States</u>, 884 F.3d 808, 809 (8th Cir.) (on appeal from denial of § 2255 motion, this court reviews de novo question whether movant's prior convictions qualified as "violent felon[ies]" for purposes of § 924(e)), <u>cert. denied</u>, 138 S. Ct. 2695 (2018). We conclude that Mountain's North Dakota convictions for willful aggravated assault do not qualify as "violent felon[ies]" for purposes of § 924(e). <u>Smith v. United States</u>, No. 17-3307, 2019 WL 158109, at *1 (8th Cir. Jan. 10, 2019) (per curiam); <u>Cf.</u> <u>United States v. Schneider</u>, 905 F.3d 1088, 1089, 1091-92 (8th Cir.) (concluding that North Dakota conviction for willful aggravated assault does not qualify as "crime of violence" under career-offender provisions of Guidelines), <u>reh'g denied</u>, 911 F.3d 504 (8th Cir. 2018); <u>United States v. Boose</u>, 739 F.3d 1185, 1187 n.1 (8th Cir. 2014) (we construe "crime of violence" under the Guidelines interchangeably with "violent felony" under § 924(e)). Accordingly, we vacate the denial of relief, and we remand this case to the district court for further proceedings.

---

[1]The government forfeited any statute-of-limitations defense to Mountain's motion. We decline to raise such a defense sua sponte, as this is not an "exceptional case[]" meriting departure from our ordinary practice of not addressing issues that parties decline to raise on appeal. <u>Wood v. Milyard</u>, 566 U.S. 463, 473 (2012).

LOKEN, Circuit Judge, dissenting.

I respectfully dissent. I would affirm the denial of Ryan Mountain's initial motion to vacate and correct his sentence under 28 U.S.C. § 2255 on the alternative ground that the motion is time-barred, and the United States did not waive this statute of limitations defense.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year limitations period for initial and successive § 2255 motions. The one-year period usually runs from the date on which the judgment of conviction becomes final. See § 2255(f)(1). However, when the movant asserts a right that "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," the one-year period runs from "the date on which the right asserted was initially recognized by the Supreme Court." § 2255(f)(3).

Mountain's conviction became final on September 23, 2014. He filed this § 2255 motion on June 1, 2016, well beyond the one-year period prescribed in § 2255(f)(1). His § 2255 motion asserted that the 180-month sentence must be vacated because he no longer qualifies as an armed career criminal after the Supreme Court in Johnson v. United States, 135 S. Ct. 2551, 2557 (2015), struck down as unconstitutionally vague the "residual clause" in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), a decision the Court made retroactive to cases on collateral review in Welch v. United States, 136 S. Ct. 1257, 1265 (2016). Thus, if Mountain's claim is based on the right newly recognized in Johnson and made retroactive in Welch, his § 2255 motion was timely filed under § 2255(f)(3).

In the wake of Johnson and Welch, our court received hundreds of requests for authorization to file successive § 2255 motions and applications for certificates of appealability challenging district court denials of initial § 2255 motions. See §§ 2253(c), 2255(h)(2). Many of these claims would have been time-barred unless

-3-

based on <u>Johnson</u>'s "newly recognized" right under § 2255(f)(3). In response to this flood of initial filings, we often granted certificates of appealability and authorized successive § 2255 motions that were allegedly based on <u>Johnson</u>, even in the face of government opposition asserting that <u>Johnson</u> would not provide relief because the ACCA sentence was not based on the residual clause. <u>See, e.g.</u>, <u>Williams v. United States</u>, No 16-2304 (8th Cir. June 30, 2016). But these were threshold determinations that the § 2255 claims should proceed to merits review in the district court, not rulings that the claims were in fact based on <u>Johnson</u>. <u>See</u> <u>Walker v. United States</u>, 900 F.3d 1012, 1014 (8th Cir. 2018). Many of these claims have now returned on appeal from district court merits rulings. Our recent decisions make clear that "simply citing a new rule is not enough" to warrant the longer limitations period in § 2255(f)(3). <u>Winarkse v. United States</u>, 913 F.3d 765, 768 (8th Cir. 2019). To be timely under § 2255(f)(3), the initial or successive motion must rely on a new rule that has "a nexus to the right asserted in the motion." <u>Donnell v. United States</u>, 826 F.3d 1014, 1016 (8th Cir. 2016).

<u>Johnson</u> held the ACCA's residual clause void for vagueness. 135 S. Ct. at 2557. The residual clause was not at issue when Mountain was sentenced as an armed career criminal, when he challenged that determination on direct appeal, or when he argued this § 2255 motion in the district court and on appeal. Rather, the sole issue Mountain presents on appeal is whether "North Dakota aggravated assault can[] qualify as a violent felony *under the force clause* of 18 U.S.C § 924(e)(2)(B)(i) because the statute covers reckless conduct." We recently held that "the new rule in <u>Johnson</u> has no nexus to this claim." <u>Winarkse</u>, 913 F.3d at 768; <u>see</u> <u>Johnson</u> 135 S. Ct. at 2563 ("Today's decision does not call into question . . . the remainder of the Act's definition of a violent felony," including the force clause); <u>Martin v. United States</u>, 904 F.3d 594, 597 (8th Cir. 2018); <u>accord</u> <u>Potter v. United States</u>, 887 F.3d 785, 787 (6th Cir. 2018).

On the merits of his claim, Mountain argues that <u>United States v. Ossana</u>, 638 F.3d 895 (8th Cir. 2011), and its progeny have established that, under the categorical approach, an offense that criminalizes "reckless" conduct cannot qualify as a "crime of violence" under the ACCA's force clause. The Supreme Court has yet to announce "a new rule of law, made retroactive to cases on collateral review" that excludes offenses criminalizing reckless conduct from the force clause.[2] "Because the question remains open, and the answer is reasonably debatable, [Mountain] cannot benefit from the limitations period in § 2255(f)(3)," and his motion was therefore untimely under § 2255(f)(1). <u>Russo v. United States</u>, 902 F.3d 880, 883 (8th Cir. 2018).

The statute of limitations is a defense that is ordinarily forfeited in civil litigation if not timely raised. However, the Supreme Court held in <u>Wood v. Milyard</u>, federal courts have discretion to consider a forfeited statute of limitations defense to § 2255 motions "because AEDPA's statute of limitations . . . 'implicat[es] values beyond the concerns of the parties.'" 566 U.S. 463, 472 (2012). Under <u>Wood</u>, we have discretion to consider the issue *sua sponte* in "exceptional cases." See <u>Fletcher v. United States</u>, 858 F.3d 501, 505 (8th Cir. 2017). Thus, the crucial issue in this case is whether to exercise this discretion.

In <u>Wood</u>, the Supreme Court reiterated that it would be an abuse of discretion "to override a State's deliberate waiver of a limitations defense." 566 U.S. at 472-73, quoting <u>Day v. McDonough</u>, 547 U.S. 198, 202 (2006). Repeating the traditional rule that waiver is the intentional relinquishment or abandonment of a known right, the

---

[2]Nor do I believe such a new rule will be forthcoming. I adhere to the view that a recent Supreme Court decision "overruled or significantly restricted" our overbroad decisions in the <u>Ossana</u> line of cases. <u>United States v. Fields</u>, 863 F.3d 1012, 1016 (8th Cir. 2017) (Loken, J., dissenting). However, on the merits of Mountain's claim, I agree that our decision in <u>United States v. Schneider</u>, 905 F.3d 1088 (8th Cir. 2018), issued after the district court ruled, is binding on our panel.

Court concluded that the State's conduct in Wood fit that description. The decision not to contest timeliness was not inadvertent error, the Court explained:

> Rather, the State, after expressing its clear and accurate understanding of the timeliness issue . . . deliberately steered the District Court away from the question and towards the merits of Wood's petition. In short, the State knew it had an "arguable" statute of limitations defense . . . yet it chose, in no uncertain terms, to refrain from interposing a timeliness "challenge" to Wood's petition.

566 U.S. at 474.

This case could not be more different. In its July 29, 2016, response to Mountain's § 2255 motion, the government rightly argued that Johnson "had no effect" on his claim for relief because his prior convictions were violent felonies under ACCA provisions other than the residual clause. The government repeated this argument in its brief on appeal. Though the government did not expressly argue that Mountain's § 2255 motion was untimely under § 2255(f), our subsequent decisions in Martin and Winarske make clear that, because Johnson had no effect on the merits of his claim -- no "nexus" to that claim -- the § 2255 motion was *not* based on a new rule and was therefore time-barred. But when the government responded in July 2016, our court had granted certificates of appealability and authorizations to file successive § 2255 motions based on claims purportedly based on Johnson without explaining the preliminary nature of those rulings. And in 2017, at least two circuits broadly construed when a claim "relies on" Johnson's new rule. See Walker, 900 F.3d at 1014. In these circumstances, the government's response to Mountain's motion and its argument on appeal do not reflect the intentional relinquishment or abandonment of a known statute of limitations defense.

This reality brings me back to the reason the Court decided in Wood that federal courts of appeals have discretion to consider *sua sponte* a forfeited statute of

-6-

limitations defense -- because AEDPA's statute of limitations "implicates values beyond the concerns of the parties." 566 U.S. at 472. More specifically, "[t]he AEDPA statute of limitation promotes judicial efficiency and conservation of judicial resources, safeguards the accuracy of state court judgments by requiring resolution of constitutional questions while the record is fresh, and lends finality to state court judgments within a reasonable time." Id., quoting Day, 547 U.S. at 205-06. These values are no less important in applying the statute of limitations in § 2255 cases, the federal counterpart to § 2254 habeas corpus relief for those in state court custody. I therefore conclude it is appropriate for us to consider and decide the § 2255(f)(1) timeliness issue *sua sponte* and affirm the denial of Mountain's § 2255 motion as time-barred. Accordingly, I respectfully dissent.

_____