# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-1562

———————————————

United States of America

*Plaintiff - Appellee*

v.

Robert Mitchell Hoxworth

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

————————

Submitted: February 14, 2020
Filed: August 26, 2021

————————

Before SMITH, Chief Judge, COLLOTON and STRAS, Circuit Judges.

————————

STRAS, Circuit Judge.

Robert Hoxworth brandished a stolen rifle in a stranger's backyard. On appeal, he argues that he was legally justified in doing so and that a prior aggravated-assault conviction does not qualify as a "violent felony," 18 U.S.C. § 924(e)(2)(B)(i). He is right on the second point but wrong on the first. So although

we affirm his felon-in-possession conviction, *see id.* § 922(g)(1), we reverse and remand for resentencing.

## I.

One evening in rural Missouri, a homeowner peered out his window to see a stranger standing in his backyard. In what was surely an unusual sight, the man was wearing only underwear, covered in blood, and holding a rifle. Worried for his safety, the homeowner picked up a pistol and headed outside. After some discussion, he persuaded the man to drop the rifle and stay put until the police arrived.

The man in question was Hoxworth, who was charged with possessing a firearm as a felon. *See id.* At trial, he tried to persuade the jury that the only reason he had the rifle was to defend himself. The district court, for its part, let him tell the story of how he ended up in a stranger's backyard with a rifle, but refused to give the justification instruction he requested.

After the jury found Hoxworth guilty, the district court sentenced him to 180 months in prison. Under the Armed Career Criminal Act, a felon-in-possession who has three or more prior "violent felony" convictions must receive a sentence *at least* that long. *Id.* § 924(e)(1).

## II.

We have yet to decide whether justification can ever serve as a defense to a felon-in-possession charge. *See United States v. El-Alamin*, 574 F.3d 915, 925 (8th Cir. 2009). But even if we assume that it can, the facts here do not support it. To claim justification, a defendant must not "recklessly or negligently" place himself in the position of having to break the law; there must be no "reasonable, legal alternative"; the threat must be "present, imminent, and impending"; and it must be reasonable to think that the "threatened harm" can be avoided by committing the

criminal act. *Id.* (quotation marks omitted). We conclude that the evidence in this case fell short on every one of these elements. *Id.* (reviewing the entitlement to a justification instruction de novo).

Consider Hoxworth's testimony. According to him, the whole affair started when an acquaintance lured him to a farm to rob him. Once he spotted "three or four [other] people gearing up with weapons," he "hop[ped]" back in his truck and left. Eventually, after driving around for a while, he abandoned the truck and spent four hours "zig[-]zagging back and forth" through the woods on foot. Along the way, he noticed that his ear had been injured, which accounted for the blood; lost his boots; "slip[ped] off [his] overalls because they [were] wet and . . . slowing [him] down"; and took off his shirt "to blend in to [the] environment." When he finally made it to the stranger's property, which he believed belonged to the acquaintance because the name on the mailbox had "a bunch of E's, and a DA," he decided "to make a stand." So he grabbed a rifle and ammunition from a pickup truck parked in the driveway and approached the house.

Even if the jury believed every word of Hoxworth's story, as farfetched as it may be, there still would be no justification for possessing the rifle. For one thing, the decision to leave the woods and "make a stand" against what he thought was one or more "gear[ed] up" criminals was at least negligent, if not reckless. *See id.* There were also several "reasonable, legal alternative[s]" to taking the rifle, including just walking away. *United States v. Hudson*, 414 F.3d 931, 934 (8th Cir. 2005). And with no one even aware of his presence in the backyard, there was no imminent threat. *See id.* at 933 ("A defendant must show that a real and specific threat existed at the time of the unlawful possession." (emphasis omitted) (quoting *United States v. Perrin*, 45 F.3d 869, 874 (4th Cir. 1995))). Finally, it would not have been reasonable to believe that he could *avoid* the threat of harm by starting an armed confrontation with the would-be robbers he had so far evaded. *See id.* Hoxworth's claimed justification, in other words, had no "underlying evidentiary foundation," so he would not have been entitled to an instruction. *Id.* (quotation marks omitted).

-3-

III.

The news is better for Hoxworth on the challenge to his 180-month sentence. Usually, the *maximum* prison term for possessing a firearm as a felon is 120 months. *See* 18 U.S.C. § 924(a)(2). The Armed Career Criminal Act, however, sets a *minimum* sentence of 180 months for those who have three or more "violent felon[ies]" on their record. *Id.* § 924(e)(1). There is no dispute that Hoxworth has two. The question is whether his Texas aggravated-assault conviction counts as the third. *See* Tex. Penal Code Ann. § 22.02; *see also Boaz v. United States*, 884 F.3d 808, 809 (8th Cir. 2018) (stating that we review this issue de novo).

The government now concedes that the answer is no. In Texas, aggravated assault includes the "use[] or exhibit[ion] [of] a deadly weapon" while "intentionally, knowingly, or recklessly caus[ing] bodily injury to another." Tex. Penal Code Ann. §§ 22.01(a)(1), .02(a)(2). To qualify as Hoxworth's third violent felony, the crime must "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

The Supreme Court recently held that this language categorically excludes crimes that can be committed recklessly, which abrogates our decision in *United States v. Fogg*, 836 F.3d 951, 956 (8th Cir. 2016). *See Borden v. United States*, 141 S. Ct. 1817, 1834 (2021) (plurality opinion); *id.* at 1835 (Thomas, J., concurring in the judgment). Given that Texas's version of aggravated assault criminalizes "recklessly caus[ing] bodily injury," there is no question that Hoxworth's crime does not count as a violent felony under *Borden*.[1] Tex. Penal Code Ann. §§ 22.01(a)(1),

---

[1]The parties' briefing focuses primarily on the application of our pre-*Borden* precedent excluding offenses criminalizing reckless driving. *See United States v. Fields*, 863 F.3d 1012, 1015 (8th Cir. 2015) (applying an identical clause in the Sentencing Guidelines); *see also United States v. Schneider*, 905 F.3d 1088, 1092 (8th Cir. 2018) (holding that it was impossible to "say with certainty that [the

.02(a)(2); *see Godsey v. State*, 719 S.W.2d 578, 584 (Tex. Crim. App. 1986) (en banc) (treating the three mental states listed in the statute as different means of satisfying one element of a single crime, rather than alternative elements in three separate crimes).

It makes no difference that Hoxworth may have acted knowingly or intentionally, not just recklessly, when he committed the aggravated assault. *See Mathis v. United States*, 136 S. Ct. 2243, 2251 (2016) (explaining that "the means by which the defendant, in real life, committed his crime[]" are irrelevant "to whether that offense is an ACCA predicate"). Everyone agrees that the Texas law in question defines a single, indivisible offense that can be committed under *any* of three mental states—intentionally, knowingly, or recklessly. *See* Tex. Penal Code Ann. §§ 22.01(a)(1), .02(a)(2); *see also Godsey*, 719 S.W.2d at 584. So even if Hoxworth himself did not commit the offense recklessly, others can, meaning the crime *cannot* "ha[ve] as an *element* the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i) (emphasis added); *see Borden*, 141 S. Ct. at 1834 (plurality opinion); *id.* at 1835 (Thomas, J., concurring in the judgment).

---

defendant's] conviction had 'as an element *the use, attempted use, or threatened use* of physical force,' U.S.S.G. § 4B1.2(a)(1), even if the underlying facts le[ft] no doubt that [the defendant] *actually used* violent force" (emphasis added)); *see also* Tex. Penal Code Ann. § 22.02(a)(2) (including "use[]" of "a deadly weapon"); *Tyra v. State*, 897 S.W.2d 796, 798–99 (Tex. Crim. App. 1995) (holding that "driving an automobile recklessly enough to endanger the lives of other people" counts as using a deadly weapon). We need not explore this possibility further, however, now that the Supreme Court has concluded that *all* crimes that can be committed recklessly no longer qualify under the so-called "elements clause." *Borden*, 141 S. Ct. at 1834 (plurality opinion); *id.* at 1835 (Thomas, J., concurring in the judgment). Nor do we accept the concurrence's invitation to say anything more, including about whether these cases have been superseded by *Borden*.

In short, Hoxworth has only two violent-felony convictions, not three. Without three, the 180-month mandatory minimum does not apply. 18 U.S.C. § 924(e)(1). And with no mandatory minimum, the cap becomes 120 months. *See id.* § 924(a)(2).

IV.

We accordingly affirm Hoxworth's conviction but reverse and remand for resentencing.

COLLOTON, Circuit Judge, concurring in part.

In March 2020, the panel ordered this appeal held in abeyance pending a decision in *Borden v. United States*, 141 S. Ct. 1817 (2021). The government correctly acknowledged in a letter dated June 29, 2021, that *Borden* requires a remand for resentencing, and I concur in the disposition of the appeal. But I do not join footnote one and any implication that *Borden* ratified the decisions in *United States v. Schneider*, 905 F.3d 1088 (8th Cir. 2018), and *United States v. Fields*, 863 F.3d 1012 (8th Cir. 2015), when it "concluded that *all* crimes that can be committed recklessly no longer qualify under the so-called 'elements clause.' *Borden*, 141 S. Ct. at 1834 (plurality opinion); *id.* at 1835 (Thomas, J., concurring in the judgment)." *Ante*, at 5 n.1. *Fields* concluded that the "force" or "elements" clause of 18 U.S.C. § 924(e)(2)(B)(i) distinguished between reckless driving causing injury and other reckless uses of force that cause injury. 863 F.3d at 1015. *Schneider* reasoned that reckless driving causing injury "does not require physical force." 905 F.3d at 1092. The opinions in *Borden* do not support either rationale. *Schneider* cannot be recharacterized as holding that the term "use" excludes recklessness: that was not the theory of the decision for good reason—unlike Justice Thomas, this court was bound by *Voisine v. United States*, 136 S. Ct. 2272, 2279 (2016), and *United States v. Fogg*, 836 F.3d 951, 956 (8th Cir. 2016). *Fields* and *Schneider* reached what a

majority of the Supreme Court concluded was the correct result, but they did so for incorrect reasons, and their sway as circuit precedent has been superseded by *Borden*.

_____