# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3953

_____

Brian Gene McCoy,

*Petitioner - Appellant*,

v.

United States of America,

*Respondent - Appellee*.

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: October 15, 2019
Filed: May 26, 2020

_____

Before COLLOTON, BEAM, and KELLY, Circuit Judges.

_____

COLLOTON, Circuit Judge.

A jury found Brian McCoy guilty of voluntary manslaughter, in violation of 18 U.S.C. §§ 1112 and 1152, and using a firearm during and in relation to a "crime of violence," in violation of § 924(c)(1)(A). The district court[1] sentenced McCoy to

_____

[1] The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

consecutive terms of 96 months' imprisonment for voluntary manslaughter and 120 months' imprisonment for the firearms offense.

McCoy later moved under 28 U.S.C. § 2255 to vacate his sentence for the firearms offense. He argued that voluntary manslaughter was not a "crime of violence" in light of Supreme Court decisions issued after his sentencing. As such, he urged that his use of a firearm during and in relation to manslaughter did not violate 18 U.S.C. § 924(c). We conclude that voluntary manslaughter under § 1112 qualifies as a "crime of violence" under the "force" clause of § 924(c)(3)(A), because it has as an element the use of force against the person of another. We therefore affirm the judgment of the district court.

McCoy's motion to vacate his sentence was premised on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* held that the residual clause of § 924(e)(2)(B)(ii) was unconstitutionally vague. 135 S. Ct. at 2563. That clause defined "violent felony" to include an offense punishable by imprisonment for a term exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). McCoy asserted that he was convicted on the theory that voluntary manslaughter was a "crime of violence" under the residual clause of § 924(c)(3)(B), and because the wording of that clause was comparable to the clause held unconstitutional in *Johnson*, his conviction could not stand.

The district court rejected the argument based on *United States v. Prickett*, 839 F.3d 697 (8th Cir. 2016) (per curiam), which held that *Johnson* did not render the residual clause of § 924(c)(3)(B) unconstitutionally vague. *Id.* at 700. McCoy unsuccessfully sought a certificate of appealability, but the Supreme Court eventually vacated and remanded the case for further consideration in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).

On remand, we granted a certificate of appealability "on the issue of whether 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague and, if so, whether the appellant is entitled to relief." While the appeal was pending, the Supreme Court held in *United States v. Davis*, 139 S. Ct. 2319 (2019), that the residual clause of § 924(c)(3)(B) is unconstitutionally vague. Therefore, the remaining question is whether McCoy's conviction for voluntary manslaughter qualifies as a "crime of violence" under a different subsection of § 924(c), namely, the "force" clause of § 924(c)(3)(A). We consider that legal issue *de novo*.

The "force" clause provides that an offense qualifies as a "crime of violence" if it is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). To determine whether an underlying offense has as an element the "use . . . of physical force" against the person of another, we apply a categorical approach that compares the elements of the offense of conviction with the requirements of the "force" clause. *See United States v. Fogg*, 836 F.3d 951, 954 (8th Cir. 2016). Where the statute in question defines multiple crimes, we apply the modified categorical approach and consider only the offense of which the defendant was convicted. *See Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016).

The federal manslaughter statute defines "two kinds" of manslaughter: voluntary manslaughter and involuntary manslaughter. 18 U.S.C. § 1112(a). McCoy implicitly concedes that the statute defines two separate crimes, and we agree. The statute requires the government to prove different elements for each offense, and it prescribes different punishments for the two crimes. *Id*. § 1112(b). These factors demonstrate that the alternative versions of manslaughter are separate crimes. *See Mathis*, 136 S. Ct. at 2256. It is undisputed that McCoy was convicted of voluntary manslaughter.

McCoy contends, however, that one can commit voluntary manslaughter without the "use" of force against another, because the minimum mental state required is recklessness. Voluntary manslaughter occurs when a defendant acts upon a sudden quarrel or heat of passion, and with a mental state constituting "a general intent to kill, intent to do serious bodily injury, or with depraved heart recklessness." *United States v. Serawop*, 410 F.3d 656, 666 (10th Cir. 2005); *see United States v. Steward*, 880 F.3d 983, 987-88 (8th Cir. 2018); 2 Wayne R. LaFave, *Substantive Criminal Law* § 15.2(a) (3d ed. 2017).

Our precedent all but resolves the issue against McCoy. In *Voisine v. United States*, 136 S. Ct. 2272 (2016), the Supreme Court concluded that reckless domestic assault qualifies as a "misdemeanor crime of violence" under 18 U.S.C. § 921(a)(33)(A)(ii) because it requires a "use . . . of physical force" committed by a person in certain domestic relationships with the victim. *Id.* at 2280. The Court ruled that reckless conduct "use[s] force, no less than one who carries out that same action knowingly or intentionally." *Id.* Applying *Voisine*, we held in *United States v. Fogg* that a reckless drive-by shooting involved the "use . . . of physical force against the person of another" under § 924(e)(2)(B)(i), and thus qualified as a violent felony under the Armed Career Criminal Act. 836 F.3d at 956. There is no material difference between the force clause at issue in *Fogg* and the force clause under § 924(c)(3)(A). We therefore conclude that voluntary manslaughter qualifies as a crime of violence under § 924(c)(3)(A).

McCoy's remaining arguments are unavailing. McCoy cites precedent holding that reckless driving resulting in injury does not involve the use of physical force. *See United States v. Schneider*, 905 F.3d 1088, 1092 (8th Cir.), *reh'g en banc denied*, 911 F.3d 504 (8th Cir. 2018); *United States v. Fields*, 863 F.3d 1012, 1015 (8th Cir. 2017). Whatever the merit of those decisions, the court specifically limited their scope to driving offenses on the view that reckless driving "is distinct from other crimes of recklessness." *Fields*, 863 F.3d at 1015 (8th Cir. 2017) (quoting *United*

*States v. Ossana*, 638 F.3d 895, 901 n.6 (8th Cir. 2011)). McCoy also contends that voluntary manslaughter does not require the use of physical force because the "unlawful killing of another human being" can be committed by means other than direct physical force, such as by poison or laying a trap. This argument is foreclosed by *United States v. Rice*, 813 F.3d 704 (8th Cir. 2016), which held that causing injury through indirect means such as poison constitutes a use of force. *Id.* at 706. Finally, McCoy cites *United States v. Flute*, 929 F.3d 584 (8th Cir. 2019), for the proposition that manslaughter can be committed without the use of force "against the person" of another, because *Flute* held that a woman could be convicted of manslaughter based on actions that harmed an unborn child. *Id.* at 589-90. *Flute*, however, involved a charge of involuntary manslaughter, so it does not speak to whether McCoy's discrete offense of *voluntary* manslaughter is a crime of violence.

The judgment of the district court is affirmed.

KELLY, Circuit Judge, concurring in the judgment.

I agree that Fogg "all but resolves the issue" McCoy raises. Ante at 4. Fogg, relying on Voisine, concluded that "reckless conduct . . . constitutes a 'use' of force under the ACCA." Fogg, 836 F.3d at 956. However, I write separately because I question whether the analysis in Fogg is sufficiently fulsome to warrant this conclusion.

Voisine examined the mens rea of recklessness in the context of 18 U.S.C. § 922(g)(9), which prohibits anyone who has a prior conviction for a "misdemeanor crime of domestic violence" from possessing a firearm. Congress enacted § 922(g)(9) to "close a dangerous loophole in gun control laws" because "many perpetrators of domestic violence are charged with misdemeanors rather than felonies, notwithstanding the harmfulness of their conduct." Voisine v. United States, 136 S. Ct. 2272, 2276 (2016) (cleaned up). The Court noted that a majority of the states,

plus the District of Columbia, had adopted the Model Penal Code's view that the mens rea of recklessness established criminal liability for misdemeanor domestic assault, "[s]o in linking § 922(g)(9) to those laws, Congress must have known it was sweeping in some persons who had engaged in reckless conduct." Id. at 2280. Relying on this "[s]tatutory text and background alike," the Supreme Court concluded "that a reckless domestic assault qualifies as a 'misdemeanor crime of domestic violence'"—as defined in § 921(a)(33)(A)—such that the prohibitions of § 922(g)(9) would apply. Id. at 2278.

The Supreme Court also expressly stated that its decision in Voisine "concerning § 921(a)(33)(A)'s scope does not resolve whether [18 U.S.C.] § 16 includes reckless behavior." Voisine, 136 S. Ct. at 2280 n.4. The Court explained that "[c]ourts have sometimes given those two statutory definitions divergent readings in light of differences in their contexts and purposes, and we do not foreclose that possibility with respect to their required mental states." Id.; see also Leocal v. Ashcroft, 543 U.S. 1, 9 (2004) ("Particularly when interpreting a statute that features as elastic a word as 'use', we construe language in its context and in light of the terms surrounding it"); United States v. Middleton, 883 F.3d 485, 493 (4th Cir. 2018) (Floyd, J., concurring) ("[T]he Supreme Court expressly left open the possibility that two statutory definitions, even if they are similarly drafted, could have divergent readings or *mens rea* requirements 'in light of differences in their contexts and purposes. . . .'") (cleaned up). Section 924(c)(3)(A), the statute at issue in this case, has a nearly identical definition of a crime of violence as § 16.[2]

---

[2]The relevant portion of 18 U.S.C. § 16 reads:

> The term "crime of violence" means--
> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another.

At least two other circuits have also considered whether, after <u>Voisine</u>, a reckless mens rea is sufficient for a conviction to qualify as a violent felony under the ACCA force clause. <u>See</u> 18 U.S.C. § 924(e)(2)(B)(i). They have determined it is not, both because a reckless offense is insufficient in light of ACCA's text, history, and purpose, and because of the specific context of <u>Voisine</u>. The First Circuit determined that an offense with the "mens rea element of mere recklessness" did not satisfy the ACCA force clause. <u>Bennett v. United States</u>, 868 F.3d 1, 24 (1st Cir.), <u>vacated as moot</u>, 870 F.3d 34 (1st Cir. 2017).[3] "We do not see how we could conclude, based on <u>Voisine</u>, that the key statutory phrase in ACCA's force clause—'use . . . of physical force against the person of another,' 18 U.S.C. § 924(e)(2)(B)(i)—must be construed to *include* reckless offenses when a version of that language was for so long and so uniformly construed to *exclude* them." <u>Bennett</u>, 868 F.3d at 8. The Fourth Circuit agreed, similarly concluding that the ACCA force clause requires a mens rea higher than recklessness. <u>See</u> <u>Middleton</u>, 883 F.3d at 493. It is this analysis of ACCA's history and purpose, along with a discussion of <u>Voisine</u>'s narrow scope, that <u>Fogg</u> lacks, particularly in light of the deviation <u>Fogg</u> represents from our case law prior to that point. <u>See</u> <u>Fogg</u>, 836 F.3d at 956 (Bright, J., dissenting, and identifying this "important and far reaching" issue as one that would benefit from further briefing).

For these reasons, I agree that <u>Fogg</u> dictates the outcome of this case. But whether a reckless mens rea is sufficient for purposes of § 924(c)(3)(A) is a question deserving of a more thorough analysis than we have thus far provided.

————————————————————

[3]After Bennett died, the panel withdrew its opinion as moot, but not before a different panel of the First Circuit "endorse[d] and adopt[ed]" the reasoning of <u>Bennett</u>. <u>United States v. Windley</u>, 864 F.3d 36, 37 n.2 (1st Cir. 2017).