# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3452

_____

Thomas Joseph Brewer,

*Plaintiff - Appellant,*

v.

United States of America,

*Respondent - Appellee.*

_____

Appeal from United States District Court
for the District of South Dakota - Western

_____

Submitted: October 17, 2023
Filed: January 10, 2024

_____

Before SMITH, Chief Judge, LOKEN and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Thomas Brewer appeals the denial of his motion to vacate sentence under 28 U.S.C. § 2255. Brewer disputes the lawfulness of his 10-year prison sentence for discharging a firearm during and in relation to a crime of violence. *See* 18 U.S.C. § 924(c)(1)(A)(iii). Brewer shot and killed a man during a quarrel. He was convicted of voluntary manslaughter under 18 U.S.C. § 1112, but he maintains that the firearms

conviction is invalid because voluntary manslaughter is not a "crime of violence." We reject that contention and affirm the judgment.

Brewer pleaded guilty in 2017 to voluntary manslaughter, *see id.* §§ 1112, 1153, and to discharge of a firearm during and in relation to a crime of violence, *see id.* § 924(c)(1)(A)(iii). The district court sentenced him to consecutive terms of 97 months' and 120 months' imprisonment, respectively.

In 2020, Brewer moved to vacate his sentence on the firearms offense. He argued that voluntary manslaughter no longer qualifies as a "crime of violence" under § 924(c).

> [T]he term crime of violence means an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3). The district court[1] denied the motion, relying on *McCoy v. United States*, 960 F.3d 487, 490 (8th Cir. 2020).

Manslaughter is "the unlawful killing of a human being without malice." 18 U.S.C. § 1112(a). Voluntary manslaughter means a manslaughter committed "[u]pon a sudden quarrel or heat of passion." *Id.*

---

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

Brewer's argument proceeds in two steps. First, he observes that the Supreme Court declared unconstitutional the residual clause of § 924(c)(3)(B), so voluntary manslaughter cannot be a crime of violence under that provision. *See United States v. Davis*, 139 S. Ct. 2319 (2019). Second, he maintains in light of *Borden v. United States*, 141 S. Ct. 1817 (2021), that voluntary manslaughter does not have as an element the use of physical force against the person of another as required by § 924(c)(3)(A). *Borden* held that an offense with a *mens rea* of ordinary recklessness does not meet the use-of-force criteria.

Voluntary manslaughter, however, requires more than ordinary recklessness; the government must prove that a defendant acted with "a general intent to kill, intent to do serious bodily injury, or with depraved heart recklessness." *McCoy*, 960 F.3d at 489 (quoting *United States v. Serawop*, 410 F.3d 656, 666 (10th Cir. 2005)). Before *Borden*, our decision in *McCoy* held that the *mens rea* of depraved heart recklessness is sufficient, and that voluntary manslaughter is a crime of violence under § 924(c)(3)(A).

Brewer argues that *Borden* supersedes *McCoy*. *Borden* did not address whether an offense committed with depraved heart or extreme recklessness has as an element the use of force against the person of another. *See Borden*, 141 S. Ct. at 1825 n.4 (plurality opinion). On that basis, the district court concluded that *McCoy* is still binding precedent. Brewer responds that even if *Borden* did not address the issue, the decision undermined the reasoning of *McCoy*. *McCoy* reasoned that depraved heart recklessness was a sufficient *mens rea* because this court had ruled in *United States v. Fogg*, 836 F.3d 951 (8th Cir. 2016), that a lesser *mens rea* of ordinary recklessness was sufficient. Brewer argues that because *Borden* abrogated *Fogg*, it is an open question after *Borden* whether *McCoy*'s conclusion about voluntary manslaughter was correct.

-3-

Assuming for the sake of analysis that we should address the question anew, we reaffirm after *Borden* that voluntary manslaughter has as an element the use of force against the person of another. This court held in *Janis v. United States*, 73 F.4th 628 (8th Cir. 2023), that second-degree murder is a crime of violence. In reaching that decision, we concluded that a *mens rea* of "depraved heart" or "extreme recklessness" is sufficient to establish a use of force against the person of another. *Id.* at 632-33. Extreme recklessness falls between knowledge and ordinary recklessness on a spectrum of mental states; it requires that a perpetrator act with extreme disregard for human life. *Serawop*, 410 F.3d at 666. Extreme recklessness in a criminal case "is considered a form of intentional conduct because it 'includes an element of deliberateness—a *conscious* acceptance of a known, serious risk.'" *Id.* at 663 n.4 (quoting *Archuleta v. McShan*, 897 F.2d 495, 499 (10th Cir. 1990)); *cf. Wakaksan v. United States*, 367 F.2d 639, 645 (8th Cir. 1966) ("Voluntary manslaughter is an unlawful, intentional killing committed without malice aforethought, while in a sudden heat of passion due to adequate provocation.").

In considering whether an offender convicted of second-degree murder necessarily uses force against another, *Janis* deemed it sufficient after *Borden* that extreme recklessness approaches the definition of knowledge: "Because the risk from extreme-reckless conduct is so high, the harmful result nears 'practical certainty' that force will be applied to another person." 73 F.4th at 634. Other circuits likewise have concluded that a *mens rea* of depraved heart or extreme recklessness is sufficient to establish a use of force against another. *United States v. Begay*, 33 F.4th 1081, 1094 (9th Cir. 2022) (en banc); *United States v. Manley*, 52 F.4th 143, 150-51 (4th Cir. 2022); *United States v. Harrison*, 54 F.4th 884, 890 (6th Cir. 2022). Although these decisions involved murder rather than manslaughter, the distinction is immaterial: "voluntary manslaughter functions more like a partial defense to murder, describing conduct undertaken intentionally but in the 'heat of passion.'" *United States v. Steward*, 880 F.3d 983, 987 (8th Cir. 2018). The offense of voluntary manslaughter may reflect mitigation due to heat of passion, but it requires

the same heightened *mens rea* that applies in a case of second-degree murder. *Accord United States v. Draper*, 84 F.4th 797, 800 (9th Cir. 2023).

*Brewer* also invokes a decision of this court, *United States v. Lung'aho*, 72 F.4th 845 (8th Cir. 2023), holding that arson under 18 U.S.C. § 844(f)(1) is not a crime of violence. *Lung'aho* construed the element of acting "maliciously" to mean that an arsonist could be convicted based on a "willful disregard of a likelihood of harm." *Id.* at 848-49. This *mens rea* was held insufficient to show a use of physical force against the property of another. *Id.* at 851. In *Janis*, however, this court concluded that second-degree murder, if committed with a mental state of depraved heart or extreme recklessness, requires "more risk and culpability" than arson. 73 F.4th at 632 (quoting *Lung'aho*, 72 F.4th at 850). Hence, on a "sliding scale of probabilities," *id.* at 634 (quoting *Lung'aho*, 72 F.4th at 849), this court's decisions place extreme recklessness and offenses like murder and voluntary manslaughter further along the culpability spectrum than "willful disregard of a likelihood of harm" and the offense of arson. *Janis*, not *Lung'aho*, is the apposite precedent here.[2]

The judgment of the district court is affirmed.

_____

_____

[2]Citing *United States v. Flute*, 929 F.3d 584 (8th Cir. 2019), Brewer argues that a pregnant woman who uses deadly force against an unborn child could be convicted of voluntary manslaughter without using force against the person of another. If the voluntary manslaughter statute were to reach that far, *cf. Janis*, 73 F.4th at 636, then the victim would be a child born alive. We are aware of no authority suggesting that a defendant could be convicted of voluntary manslaughter in that situation without using force against the born-alive child who dies, even if a culpable act were taken before the time of birth. *Cf. United States v. Castleman*, 572 U.S. 157, 171 (2014). We again reject the argument. *See McCoy*, 960 F.3d at 490.